Argued and submitted January 26, reversed and remanded
for new trial March 23, 1981

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD HENRY LIBERMAN,
*Appellant.*

(No. 10-79-04978, CA 18617)

625 P2d 678

Harold R. Daughters, Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

YOUNG, J.

Defendant was found guilty by the court on stipulated facts of unlawful possession of a controlled substance, ORS 475.992(4). Defendant appeals the denial of his motion to suppress evidence seized pursuant to a search warrant. He challenges the legal sufficiency of the police officer's affidavit, which was relied upon by the magistrate (a District Judge) in finding probable cause to issue the warrant to search defendant's house. Defendant argues that the affidavit fails to show that the information contained there is *reliable.* After the trial court denied the motion the Supreme Court decided *State v. Carlile, State v. Reiter and State v. Shaw,* all consolidated and reported at 290 Or 161, 619 P2d 1280 (1980). Based on *Carlile/Reiter/Shaw,* we reverse.

■■ The affidavit in support of a search warrant serves the function of a pleading. The sufficiency of the warrant turns on the information *in the affidavit* offered to the magistrate to support his finding of probable cause. *State v. Montigue,* 288 Or 359, 605 P2d 646 (1980); *State v. Diaz,* 29 Or App 523, 564 P2d 1066 (1977); *State v. Hughes,* 20 Or App 493, 497, 532 P2d 818 (1975).

In the present case, the affidavit is based on hearsay information obtained by the police from a named informant immediately before and after the informant's arrest.

The present test to determine the sufficiency of an affidavit based on facts supplied by an informant is set out in *State v. Carlile, supra,* 290 Or at 164, as follows:

"'* * * (1) whether the affidavit sets forth the informant's 'basis of knowledge' and (2) whether the affidavit sets forth facts showing the informant's 'veracity' by indicating either that the informant is credible or that his information is reliable."

■ In order to determine the *reliability* of the information we must focus on the contents of the affidavit. The police officer's affidavit, in relevant part, stated:

"That I am a Police officer with the Springfield Police Department and have been so employed for the past four years. That I am currently assigned as an undercover

narcotics officer and have been so assigned for the past twelve months. That I have had approximately forty hours of formal training in the identification of controlled substances. That I have had occassion to identify the controlled substance cocaine and lysergic acid diethylamide and have had these identifications confirmed by subsequent laboratory analysis.

"That on May 9th, 1979 I made a purchase of cocaine and lysergic acid diethylamide hereinafter referred to as LSD from Joseph Paul Zachurek. I purchased these items from Zachurek at his residence at 130 River Avenue Apartment #17, Eugene, Lane County, Oregon. That I purchased four grams of cocaine and five sheets of LSD consisting of 100 hits per sheet from Zachurek.

"That from my past experience I recognized that substance I purchased from Zachurek as being LSD. That from my past experience I can recognize it by sight. Zachurek also referred to the substance as being LSD. That the other substance which I purchased from Zachurek was a white powdery substance which I recognized as being cocaine and which Zachurek represented to me as being cocaine. That I performed a field test on the white powdery substance and it tested positive for cocaine. That I made the purchases of these controlled substances at 1735 hours on May 9, 1979.

"That subsequent to his arrest Joseph Zachurek stated to me that he purchased the cocaine and LSD from Richard Liberman who he stated lived on Monroe Street. That on May 9, 1979 officer Scobert of the Lane County Sheriff's office stated to me that he accompanied Zachurek to 227 Monroe Street Eugene Lane County Oregon. That Scobert further stated to me that Zachurek had pointed out this house as being the residence of Richard Liberman.

"That on May 9, 1979 Zachurek told me that he had been within Liberman's residence at 1000 hours on May 9, 1979 and at that time Liberman had sold him a white powdery substance in four paper bindles which Liberman represented to be cocaine. That Liberman also sold Zachurek 5 paper sheets which Liberman represented to be LSD. Zachurek stated there were more bindles in the sack from which the cocaine was obtained. That Zachurek further stated that the substances which he obtained from Liberman and which Liberman represented to be cocaine and LSD were the same substances which Zachurek sold to me and represented to me to be cocaine and LSD. That in

addition I have offered no promises of immunity or special treatment to Zachurek in exchange for this information.

"That on May 9, 1979 officer Dale Scobert of the Lane County Sheriff's office stated to me that he had personally observed the residence at 227 Monroe Street, Eugene, Lane County, Oregon and described it to me as being a beige, single story, wood frame, dwelling house located on the east side of Monroe Street with the numbers "227" appearing above the front door in red." (The affidavit was handwritten. We have quoted it as precisely as the affiant's penmanship will permit).

In *State v. Carlile, supra,* 290 Or at 168, the court said: "The fact that she [the informant] was named and that she had made an admission against her penal interest is an insufficient guarantee of reliability *where no partial police corroboration of the information was made."* (Emphasis added.)

■ The affidavit in this case is insufficient because of a paucity of corroboration. The state argues that some corroboration is established by the sale of drugs by the informant to the affiant, the informant's representation that they were drugs, and the affiant's recognition of them as drugs as further verified by a field test. This may be corroboration of the *informant's* involvement in drugs, but it does not corroborate allegations that drugs were to be found *in defendant's house.* The information is not unlike the information provided by the affidavit in *State v. Carlile, supra,* set out at 290 Or 168, which proved defective.

The state also urges that because the informant named the street where defendant lived and subsequently pointed out a house on Monroe Street as being the defendant's, that this amounts to some corroboration. The informant could have pointed out any house on Monroe Street. The police had no evidence to corroborate that the informant purchased drugs in *that* house, or that there were drugs in *that* house. *State v. Carlile, supra,* 290 Or at 168-69, rejected an argument that a written list of names and addresses supplied by the informant with the defendant's name and address circled provided some corroboration. Merely pointing out a house is no more corroboration of an allegation that drugs will be found there than is circling an address on a list. There was no partial police corrorboration

of the informant's assertions to support a finding that there was probable cause to believe that drugs would be found at 227 Monroe Street.

■ ■   We must address one other matter. Simultaneously with the filing of the motion to suppress the defendant filed a motion to controvert based on ORS 133.693. Subsequently, defendant, in open court, withdrew the motion to controvert. The court, over the state's objection, permitted defendant to call the informant as a witness during the suppression hearing. The purpose of the testimony was to show that the admissions of the informant implicating the defendant had been coerced by the police by reason of threats to arrest the defendant's wife and others on the premises unless the informant "spilled the beans." A motion to controvert is made to test the good faith, accuracy and truthfulness of the affiant. ORS 133.693. Here that motion had been withdrawn. The only issue to be decided on the motion to suppress was if there was sufficient information *in the affidavit* to support a finding of probable cause. The informant's testimony served no purpose in deciding whether or not the *magistrate* had probable cause to issue the warrant, and the trial court should not have permitted it.

Reversed and remanded for new trial.