STATE OF OREGON,
*Appellant,*

*v.*

ROBERT DEAN DAVIS,
*Respondent.*

(J81-2860 and J82-0447; CA A25147)

662 P2d 13

Stephen- F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

James P. O'Neal, Myrtle Creek, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen, and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state appeals pursuant to ORS 138.060(3) from an order suppressing evidence seized pursuant to a search warrant on the ground that the affidavit supporting the warrant was deficient. We reverse and remand for trial.

The affidavit states that the affiant, a police officer named Billy Caldwell, believed defendant had marijuana, currency marked with Caldwell's initials, marijuana paraphernalia and records of marijuana sales and purchases in his house because:

"* * * * *

"On Thursday, October 8, 1981, I employed one Marc C. Caven to work undercover buying illegal drugs. I checked with the Yakima Police Department and the Wenactchee [sic] Sheriff's Office and verified Caven's previous employment as an undercover narcotics investigator. I verified through these agencies that Caven has purchased illegal drugs from over 80 persons in those areas. Every person was subsequently arrested for those sales.

"Caven told me that on Thursday, October 8, 1981, he was taken to a residence located on Stearns Lane by one Mark Fields. Based on directions supplied to me by Caven, I drove to the area and determined that the residence is located at Umpqua Route, Box 20, Oakland, Oregon, the Robert Dean Davis residence, which is located on the easterly side of Stearns Lane, directly across the street from the Roger Sawyer farm.

"I know that this is the Davis residence as I have talked to Deputy Knight of the Douglas County Sheriff's Office, who told me he had executed a search warrant at the residence within the last two weeks. Davis and his wife were subsequently charged with possession of marijuana as a result of that search.

"That within the past two years, I have had two different informants make controlled purchases of marijuana from Davis. I also know that Detective Bates of the Douglas County Sheriff's Office had an informant purchase LSD from Davis this last spring.

"Caven told me that while at the residence, Caven waited in the car, while Mark Fields entered the residence in possession of $30.00 supplied by Caven. Fields purchased a bag of Marijuana from the occupant and delivered it to Caven. Caven later turned the marijuana over to me.

"Caven told me that on October 9, 1981, Mike Fugate[,] who is employed at the Hotstuff gas station in Sutherlin, agreed to sell Caven a bag of Marijuana. Caven went to the gas station and gave Fugate $80.00. At that time a two-tone blue mid 70's Dodge van also pulled into the gas station. Fugate went over and talked to the occupants of the van and told them to come back in five minutes. Fugate then delivered a bag of marijuana to Caven who in turn immediately gave it to me.

"Several minutes later, Caven and myself observed the van return to the gas station and Fugate made contact with the occupant. I recognized this vehicle as belonging to Robert Dean Davis.

"I know that within the last week Davis was released from the Douglas County Jail and I know that Davis was in possession of $1000.00 at that time. I know that Davis is unemployed and is receiving a disability benefit.

"That as a result of this investigation, several pounds of marijuana have been purchased in quantities ranging from 1/4 oz to one pound.

"The majority of the money used to make the purchases of marijuana were marked by me with my initials of "B.C." This includes the buy made from Fugate.

"I know that Davis's residence is a pinkish colored single story residence located on the easterly side of Stearns Lane and that it is the first residence on the left side of the road on Stearns Lane proceeding westerly from the I-5 southbound on ramp at the Oakland interchange.

"I know that Davis's vehicle is a 1974 two-tone Dodge van, bearing Oregon license CKD 801, based on the fact that I have recently issued Davis a citation in that vehicle.

"That I know, based on my training and experience, that persons who deal in illegal drugs often keep records of the drug transaction, which records are often kept in their residences.

"* * * * *"

Defendant does not contend that the facts in the affidavit are false. He argues instead that they are insufficient to justify issuance of the warrant. We therefore examine the affidavit in a common-sense, nontechnical manner, looking at the facts recited and the reasonable inferences that can be drawn from those facts. *State v. Villagran,* 294 Or 404, 657 P2d 1223 (1983).

Here, Caven, the informant, was shown to be reliable. His initial source of information about defendant's activities in the house searched was derived from conversations with and observations of Fields.[1] Caven accompanied Fields to defendant's house. He gave Fields $30 to purchase marijuana. He saw Fields enter the house, and he saw him return to the car. Fields delivered marijuana to Caven, and Caven delivered marijuana to the affiant. Police confirmed that the house belonged to defendant. Additionally, the affiant knew from a deputy sheriff that within the last two weeks a search warrant had been executed at that house and that defendant and his wife had been charged with possession of marijuana as a result of that search.

Later, Caven met with Fugate, who agreed to sell Caven marijuana. Caven gave Fugate $80. He then saw a van drive into the gas station where Fugate worked. He saw Fugate speak with the van's occupants and heard Fugate tell them to come back in five minutes. Fugate delivered marijuana to Caven, who immediately gave it to the affiant. The affiant and Caven then observed the van return, and Fugate again spoke with its occupants. The affiant knew that the van was defendant's.

Defendant contends that *State v. Liberman,* 51 Or App 345, 625 P2d 678 (1981), is controlling. In *Liberman,* however, no corroboration existed for the informant's assertion that drugs were to be found in the defendant's house. Standing alone, the informant's assertion did not support a probable cause finding.

Construing the affidavit in a common-sense and realistic fashion, *State v. Villagran, supra,* we conclude that probable cause existed to believe that marijuana and records of illegal marijuana transactions would be found in defendant's house. The information furnished by Caven was sufficiently corroborated by other sources disclosed in the affidavit to permit the issuing judge to conclude that there was probable cause to believe that the search would discover things specified in the affidavit in the place requested to be searched. The trial court erred in granting defendant's motion to suppress.

Reversed and remanded for trial.

---

[1] See *State v. Carlile,* 290 Or 161, 619 P2d 1280 (1980).