Office of the Attorney General · State of Texas

April 29, 2002

The Honorable Charles A. Rosenthal, Jr.
Harris County District Attorney
1201 Franklin Street, Suite 600
Houston, Texas 77002

Opinion No. JC-0497

Re: Whether a peace officer is required to attend continuing education courses regarding enforcement of traffic laws and the use of radar equipment (RQ-0471-JC)

Dear Mr. Rosenthal:

You have requested our opinion as to whether section 644.101(d) of the Transportation Code currently requires that a peace officer attend continuing education courses "on the enforcement of traffic and highway laws and on the use of radar equipment as prescribed by Subchapter F, Chapter 1701, Occupations Code."[1] For the reasons set forth below, we conclude that, because of the absence of any provisions in subchapter F, chapter 1701, Occupations Code, that actually prescribe such training, a peace officer is not required to attend such courses under that provision.

Senate Bill 220 from the Seventy-seventh Legislature amended section 644.101 of the Transportation Code by adding subsection (d), which provides:

> A sheriff, a deputy sheriff, or any peace officer that does not attend continuing education courses on the enforcement of traffic and highway laws and on the use of radar equipment as prescribed by Subchapter F, Chapter 1701, Occupations Code, shall not enforce traffic and highway laws.

TEX. TRANS. CODE ANN. § 644.101(d) (Vernon Supp. 2002); see also Act of June 15, 2001, 77th Leg., R.S., ch. 1227, § 11, sec. 644.101(d), 2001 Tex. Gen. Laws 2806, 2809.

Subchapter F of chapter 1701 of the Occupations Code directs the Commission on Law Enforcement Officer Standards and Education (TCLEOSE) to "establish minimum curriculum requirements for preparatory and advanced courses and programs for schools subject to approval under Section 1701.251(c)(1)." TEX. OCC. CODE ANN. § 1701.253(a) (Vernon 2002). Subsection (b) of section 1701.253 states that "the commission shall require courses and programs to provide

---

[1]Letter from Honorable Charles A. Rosenthal, Jr., Harris County District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Nov. 27, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

training" in various areas, such as the investigation of child abuse or neglect, family violence, and sexual assault; issues concerning sex offender characteristics; and crime victims' rights. *See id.* § 1701.253(b). Subsection (c) directs the commission to "establish a statewide comprehensive education and training program on civil rights, racial sensitivity, and cultural diversity." *See id.* § 1701.253(c).

The Seventy-seventh Legislature amended section 1701.253 to prescribe four new kinds of instructional program, each of them designated subsection (e). One of them requires "an education and training program on laws relating to the operation of motorcycles and to the wearing of protective headgear by motorcycle operators and passengers"; and "education and training on motorcycle operation profiling awareness and sensitivity training." *See id.* § 1701.253(e). The other three versions of subsection (e) relate to "instruction in preventing dual arrest" for training officers and recruits; "a statewide comprehensive education program on asset forfeiture"; and "a statewide comprehensive education and training program on racial profiling." *See id.* Subchapter F does not, however, prescribe "continuing education courses on the enforcement of traffic laws and on the use of radar equipment." *See id.* §§ 1701.251-.257. Subchapter H of chapter 1701, which specifically deals with "continuing education required for peace officers," also fails to prescribe the kind of continuing education courses contemplated by section 644.101(d) of the Transportation Code. *See id.* §§ 1701.351-.356. Nor does subchapter G, which treats "license requirements; disqualifications and exemptions," do so. *See id.* §§ 1701.301-.316.

A bill of the precise kind contemplated by section 644.101(d) of the Transportation Code was introduced in the Seventy-seventh Legislature by Representative Yvonne Davis as House Bill 3233. *See* Tex. H.B. 3233, 77th Leg., R.S. (2001). That bill would have added section 1701.258 to subchapter F of chapter 1701 of the Occupations Code and would have provided:

> Sec. 1701.258. CONTINUING EDUCATION FOR PEACE OFFICERS. (a) A peace officer that currently does not attend continuing education courses on the enforcement of traffic and highway laws and does not attend a certification course on the use of radar equipment used to check the speed of a vehicle shall not enforce traffic and highway laws.

*Id.* The bill analysis for House Bill 3233 states:

> House Bill 3233 amends the Occupations Code to prohibit a peace officer from enforcing traffic and highway laws if the officer does not attend continuing education courses on the enforcement of traffic and highway laws and does not attend a certification course on the use of radar equipment used to check the speed of a vehicle.

HOUSE COMM. ON PUBLIC SAFETY, BILL ANALYSIS, Tex. H.B. 3233, 77th Leg., R.S. (2001). House Bill 3233 was not approved by the House Public Safety Committee, never reached the floor of the House, and, consequently, never became law.

Although House Bill 3233 did not detail the curriculum that would have been required thereunder, TCLEOSE is granted broad authority to "adopt rules for the administration of" chapter 1701, and to "establish minimum standards relating to competence and reliability, including education, [and] training." TEX. OCC. CODE ANN. § 1701.151(1)-(2) (Vernon 2002). Thus, had *any* continuing education courses regarding enforcement of traffic and highway laws and use of radar equipment been prescribed by the legislature under subchapter F, chapter 1701, TCLEOSE would have been authorized to specify the curriculum for those courses.

As we have noted, section 644.101(d) of the Transportation Code requires a peace officer to "attend continuing education courses on the enforcement of traffic and highway laws and on the use of radar equipment as *prescribed* by Subchapter F, Chapter 1701, Occupations Code." TEX. TRANSP. CODE ANN. § 644.101(d) (Vernon 2002) (emphasis added). "Prescribed" means "laid down, appointed, or fixed beforehand; ordained, appointed, set, fixed, defined." XII OXFORD ENGLISH DICTIONARY 391 (2d ed. 1989). The legislature did not require a peace officer's attendance at courses merely *authorized* by particular statutes. It required such attendance at courses "set, fixed, [and] defined" by those statutes. *See id.* In our opinion, the failure of the legislature to *prescribe* "continuing education courses on the enforcement of traffic and highway laws and on the use of radar equipment . . . [under] Subchapter F, Chapter 1701, Occupations Code," is fatal to the current efficacy of section 644.101(d) of the Transportation Code. TEX. TRANSP. CODE ANN. § 644.101(d) (Vernon 2002). As the Texas Supreme Court has said, "[w]hen one statute references another statute, one must look to the referenced statute to understand the referencing statute." *In re R.J.J.*, 959 S.W.2d 185, 186 (Tex. 1998). In the case you present, the referenced statute does not exist.

In *Scappaticci v. Southwest Sav. & Loan Ass'n*, 662 P.2d 131 (Ariz. 1983), the Supreme Court of Arizona, sitting in banc, declared:

> The Arizona Legislature can incorporate by reference only such laws and regulations as exist at the time they enact legislation and cannot constitutionally adopt future changes which might occur.

*Id.* at 135. Other state courts have likewise insisted that incorporation by reference may include only acts in existence at the time of the enactment of the referencing statute. *See, e.g., Adelman v. Onischuck*, 135 N.W.2d 670, 681 (Minn. 1965) ("our legislature has authority to enact laws which refer to *existing* legislative acts") (emphasis added); *Univ. of S. C. v. Mehlman*, 139 S.E.2d 771, 774 (S.C. 1964) ("a part or all of an *existing* statute may by reference thereto be incorporated into another statute.") (emphasis added); *Lassiter v. Northampton County Bd. of Elections*, 102 S.E.2d 853, 860 (N.C. 1958) ("'In the absence of constitutional inhibition part or all of an *existing* statute may, by specific and descriptive reference thereto, be incorporated into another statute.'") (emphasis added). Because the statute referenced by section 644.101(d) of the Transportation Code does not presently

exist, it necessarily follows that the referencing statute is, at this time, of no effect. As a result, a peace officer is not currently required by section 644.101(d) to attend continuing education courses regarding enforcement of traffic and highway laws and the use of radar equipment.

## S U M M A R Y

A peace officer is not currently required by section 644.101(d) of the Transportation Code to attend continuing education courses regarding enforcement of traffic and highway laws and the use of radar equipment.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee