THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DOROTHY GRICE, Defendant-Appellant.

Third District   No. 3—83—0356

Opinion filed January 31, 1984.

John Malvik, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Raymond Kimbell, State's Attorney, of Galesburg (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

Defendant, Dorothy Grice, was charged by information with the offense of retail theft over $150. Defendant was tried before a jury with two codefendants and was found "guilty but mentally ill" and thereafter sentenced to the Illinois Department of Corrections for a determinate term of three years.

The only issue presented for review is whether the trial court erred in instructing the jury that the jury could return a verdict of "guilty but mentally ill."

The record discloses that the defendant took possession of certain items of clothing which were for sale in a Galesburg store and that she was observed taking such items. An understanding of the nature of the verdict requires some reference to the statutory provision involving the "mental illness' specification, set forth in the Criminal Code of 1961 at section 6—2:

"(c) A person who, at the time of the commission of a criminal offense, was not insane but was suffering from a mental illness, is not relieved of criminal responsibility for his conduct and may be found guilty but mentally ill.

(d) For purposes of this Section, 'mental illness' or 'mentally ill' means a substantial disorder of thought, mood, or behavior which afflicted a person at the time of the commission of the offense and which impaired that person's judgment, but not to the extent that he is unable to appreciate the wrongfulness of his behavior or is unable to conform his conduct to the requirements of law." (Ill. Rev. Stat. 1981, ch. 38, par. 6—2, eff. Sept. 17, 1981. See also *People v. Dalby* (1983), 115 Ill. App. 3d 35, 38, 450 N.E.2d 31.)

This amendment establishes that a person can be "mentally ill" and not yet legally insane, the distinction being that a person who is only mentally ill is held responsible for his acts.

At the trial, two experts testified. Dr. Sannito, a clinical psychologist, testified on behalf of the defense. In his opinion, defendant suffered from a "mental disease" called kleptomania. This condition was related to a more general disease called narcissism. It was Dr. Sannito's opinion that as a result of defendant's mental condition, defendant was unable to conform her conduct to the requirements of law. Dr. Lozano, a court-appointed psychiatrist, testified on behalf of the People. Dr. Lozano's opinion was that defendant had a "character disorder," that is, an antisocial personality. In Dr. Lozano's opinion, the defendant was not a kleptomaniac and not mentally ill at the time of the offense. Dr. Lozano said that defendant understood the wrongfulness of her acts and defendant's personality disorder did not rise to the level of insanity.

As the State correctly notes, the testimony of experts must be judged by the same rules of weight and credibility which are applied to other witnesses. (*Cannell v. State Farm Fire & Casualty Co.* (1975), 25 Ill. App. 3d 907, 912, 323 N.E.2d 418, 422.) Discrepancies in testimony in evidence are matters for the jury's consideration, and the jury is free to disregard an expert's conclusions of fact. (*Turney v. Ford Motor Co.* (1981), 94 Ill. App. 3d 678, 685, 418 N.E.2d 1079,

1085.) The weight to be accorded an expert's opinion is measured in part on the factual details supporting his conclusions (*People v. Kuhn* (1979), 68 Ill. App. 3d 59, 64, 385 N.E.2d 388, 391), and the jury is not required to accept the opinions of experts concerning the defendant's sanity. *People v. Martin* (1980), 87 Ill. App. 3d 77, 81, 409 N.E.2d 114, 118.

█ The statutory provision directing the submission of an instruction on guilty but mentally ill is section 115—4(j) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4(j)). In pertinent part, that section states:

> "When the affirmative defense of insanity has been presented during the trial, the court, where warranted by the evidence, shall also provide the jury with a special verdict form of guilty but mentally ill, as to each offense charged and shall separately instruct the jury that a special verdict of guilty but mentally ill may be returned instead of a general verdict, but that such special verdict requires a finding by the jury beyond a reasonable doubt that the defendant committed the acts charged and that the defendant was not legally insane at the time of the commission of those acts but that he was mentally ill at such time."

In the instant case, the affirmative defense of insanity had been presented during the trial. Defendant's expert testified that the defendant was suffering from a mental disease, kleptomania, relating to a more general disease of narcissism, preventing her from conforming her conduct to the requirements of the law. Thus, the defense's own evidence, properly before the jury, indicated that the defendant was suffering from a mental condition and disorder which afflicted her at the time of the commission of the offense and impaired her judgment. This evidence, presented by the defense expert, was sufficient to put the issue of the presence of a mental illness before the jury and warranted the instruction given by the court respecting guilty but mentally ill. True, the defense expert also was of the opinion, and so stated, that the defendant's mental disease was so severe as to prevent her from conforming her conduct to the standards of the law. She was insane, according to him. However, other evidence, before the jury, being testimony from the State's witness, indicated that the defendant, at the time of the offense, understood the wrongfulness of her acts, and, therefore, that she was not insane. Under the authorities before cited, the jury was free to accept part of each expert's testimony, and reject other parts of the testimony. That is obviously what it did in the instant case. It accepted Dr. Sannito's diagnosis of the defendant's mental disorder, but it rejected his conclusion as to the

severity of the disorder and its effect upon her ability to conform her conduct to the legal requirements. The jury, in so concluding, rejected Dr. Lozano's opinion that the defendant was not insane or mentally ill, but it accepted his conclusions that she was capable of conforming her conduct to the requirements of the law. These conclusions were within the jury's province.

We reject the defense's suggestion that the State was required to present testimony indicating the defendant was mentally ill, but not insane, in order to have the instruction given. Where the defense has presented an insanity defense, through proper and sufficient evidence, that evidence, in most cases, will also be sufficient, if there is other evidence of the defendant's ability to conform his conduct to the requirements of the law, or of his substantial capacity to appreciate the criminality of his conduct, to justify the trial judge's giving the guilty but mentally ill instruction to the jury.

We find no error in the instant case in the instruction of the jury regarding the availability of the guilty but mentally ill verdict.

For the reasons stated, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.