18280

UNIVERSITY OF SOUTH CAROLINA, Appellant, v. Ralph E.
MEHLMAN and Mehlman, Inc., Respondents

(139 S. E. (2d) 771)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. McLeod & Singletary* and *Walter S. Monteith,* of Columbia, *for Respondents,*

December 7, 1964.

Moss, Justice.

The University of South Carolina, the appellant herein, instituted this condemnation proceeding, pursuant to Section 25-101 *et seq.* of the 1962 Code, against Ralph E. Mehlman and Mehlman, Inc., the respondents herein, to acquire title to a certain lot of land located at the northeast corner of Main and Blossom Streets in Columbia, for the purpose of erecting thereon a dormitory to house students of the University.

The petition of the appellant sets forth that it is a State public body as defined by Section 25-102(3) of the 1962 Code, having been created under and existing by virtue of Section 22-104 *et seq.*, of said Code. The petition sets forth the name of the appellant, a sufficient description of the property, a statement that its acquisition is necessary for a public works project, which is described therein, a statement that the proceedings were instituted under the aforesaid statute, and a suitable prayer for relief. Section 25-105. To the foregoing petition the respondents filed their verified return and by the third defense thereof assert that the "Public Works Eminent Domain Law", as is contained in Sections 25-101 to 140, inclusive, is special legislation, in contravention of Article III, Section 34, subdivision 9, of the 1895 Constitution of this State. Specifically, the respondents contend that by reason of Section 25-139 of the Code, such being a part of the "Public Works Eminent Domain Law", and making such inapplicable to the seven Counties named in said section, the entire Act is unconstitutional because it is a special law when a general law can be made applicable.

The question of whether the "Public Works Eminent Domain Law" was unconstitutional as being special legislation prohibited by Article III, Section 34, subdivision 9, of the Constitution, came on to be heard before the Honorable John Grimball, Resident Judge of the Fifth Circuit, who, by his order dated September 1, 1964, held that the "Public Works Eminent Domain Law" was void and unconstitutional because such was in direct contravention of the aforesaid Article of the Constitution. The present appeal is from such order.

The appellant was first granted the power of eminent domain by an Act of the General Assembly approved March 16, 1926. 34 Stats. 980. This Act was codified as Section 5714 in both the 1932 and 1942 Codes. It was codified as Section 22-108 in the 1952 Code. It was provided in the original Act and the subsequent Code sections through 1952 that the procedure to be used and the authority granted was the same as that given to municipal corporations, as such is contained in Section 59-201 *et seq.*, of the 1952 Code.

The General Assembly, at its 1953 Session, in the permanent provisions of the general appropriation Act, Section 96, subsec. a. thereof, which was approved April 28, 1953, 48 Stats. 606, provided:

"That the Trustees of the University of South Carolina may, in their discretion, make use of the provisions of Chapter 3, Title 25, Code of Laws of South Carolina, 1952, to acquire land for which funds are provided by the General Assembly. This provision shall become effective immediately upon the approval of this Act by the Governor."

The General Assembly, also at its 1953 Session, by an Act approved May 9, 1953, 48 Stats. 368, struck out Sections 22-101 to 22-120 of the 1952 Code, relating to the University of South Carolina, and enacted in lieu thereof sections designated as 22-101 to 22-105, inclusive. The right of condemnation given to the University was contained in Section 22-105 of the new Act, and provided:

"The University of South Carolina may condemn lands for University purposes, such right of condemnation to be subject to the same duties, liabilities and method of proceeding and with the same rights, powers and privileges as are confered upon municipal corporations by and under Article 4 of Chapter 3 of Title 59, Code of Laws of South Carolina, 1952. That this right of condemnation is cumulative to any such right that the University now has or may hereafter have."

It thus appears that the appellant could have exrcised the power of eminent domain as was authorized in Section 22-105 next above quoted, or in its discretion, it could make use of the procedure set forth in the "Public Works Eminent Domain Law", Section 25-101 *et seq.*, of the 1952 Code, by authority of Section 96, subsec. a. of the Acts of 1953, above quoted. However, it appears that Section 22-105, 1952 Code, as amended, was deleted when the 1962 Code was adopted, and the provision that the power of eminent domain granted to the appellant to be exercised as provided for municipal corporations was not carried over into the 1962 Code. Instead, there appears in the 1962 Code, Section 22-107, authority for the Trustees of the appellant, in their discretion, to make use of the provisions of the "Public Works Eminent Domain Law" to "condemn land for corporate purposes" as was authorized by Section 22-104 (8) of the 1962 Code.

The "Public Works Eminent Domain Law" was enacted into law on July 17, 1935. 39 Stats. 1268. It provided for the condemnation of real property in this State by the agencies therein mentioned and engaged in any public works project and provided for the procedure to be used in condemning land for the purposes stated. This Act is now codified in the 1962 Code as Sections 25-101 to 25-140, inclusive. The provision of this Act is inapplicable to the seven counties mentioned in Section 25-139 thereof. Section 25-140 of this Act provides that the powers conferred by said "Public Works Eminent Domain Law" "shall be in addi-

tion and supplemental to and not in substitution for the powers conferred by any other law."

Article I, Section 17, of the 1895 Constitution of this State, provides that: "Private property shall not be taken * * * for public use without just compensation being first made therefor." This section is applicable where private property is taken for public use by the State, or by any of its agencies. The State may delegate to its agencies the right to exercise its power of ·eminent domain and may, by statute, prescribe the manner and enact procedure by which private property may be condemned for public use, together with the means by which just compensation is to be made. *City of Spartanburg v. Belk's Department Store,* 199 S. C. 458, 20 S. E. (2d) 157; *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639, and *South Carolina State Highway Department v. Miller,* 237 S. C. 386, 117 S. E. (2d) 561.

We are called upon to pass upon the constitutionality of an Act passed by the General Assembly. In determining this question, it is a well settled rule in this State that a statute will, if possible, be construed so as to render it valid; that a legislative Act will not be declared unconstitutional unless its repugnance to the Constitution is clear and beyond reasonable doubt; that every presumption will be made in favor of the constitutionality of a legislative enactment; that it will be declared unconstitutional only when its invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution; that all reasonable presumptions must be made in favor of the validity of the Act; and that the Constitution of South Carolina is a limitation upon, rather than a grant of, legislative power. *Clarke v. South Carolina Public Service Authority,* 177 S. C. 427, 181 S. E. 481; *Nolletti v. Nolletti,* 243 S. C. 20, 132 S. E. (2d) 11.

The right and power of condemnation by the University was delegated to it by Section 22-104(8) of the Code rather than by the "Public Works Eminent Domain Law". The

statute giving the University the power of condemnation is of general application and is not, by said statute, made inapplicable in any of the Counties of this State. The right of condemnation conferred by the "Public Works Eminent Domain Law" was not in substitution for the right which the University already had to condemn lands for corporate purposes. Section 22-1.07 of the Code is the statute which prescribes the manner and procedure to be invoked by the University in condemning property for its corporate purposes. This statute incorporates, by reference, the procedure for condemnation outlined in the "Public Works Eminent Domain Law" and authorizes the Trustees of the appellant, in their discretion, to make use of the provisions of said law to acquire lands for corporate purposes.

We have held in a number of cases that, the provisions of one statute may be applicable to, another by reference to the former in the latter in the absence of constitutional restrictions. Thus, a part or all of an existing statute may by reference thereto be incorporated into another statute. *Lyles v. McCown*, 82 S. C. 127, 63 S. E. 355; *Santee Mills v. Query*, 122 S. C. 158, 115 S. E. 202; *Welling v. Clinton-Newberry Natural Gas Authority*, 221 S. C. 417, 71 S. E. (2d) 7; *Roper v. S. C. Tax Commission*, 231 S. C. 587, 99 S. E. (2d) 377. The foregoing method of legislation has been utilized by the General Assembly to provide procedure for the exercise of the power of eminent domain. Section 58-302 of the Code authorizes telegraph and telephone companies to condemn rights of way by the institution of condemnation proceedings as provided for and authorized in Sections 58-771 to 58-787 of the Code, for securing to railroads a right of way in this State. Section 58-152 of the Code authorizes water companies to condemn lands for corporate purposes in the manner conferred upon municipal corporations by Section 59-222 of the Code. By reference to the last cited section, such condemnation is authorized in the manner provided by Sections 25-161 to 25-170 of the Code. We could cite numerous other statutes which adopt, by refer-

ence, the procedure fixed in other statutes for the exercise of the power of eminent domain.

The operation and effect of statutes providing a mode of procedure for condemning property and assessing damages depend upon the terms of the particular statute properly construed. In construing such statute general rules relating to the construction of statutes apply. Accordingly a statute providing the method of procedure for exercising the power of eminent domain should be so construed as to give effect to the intention of the Legislature. It should receive a reasonable and sensible construction; and, if possible, it should not be so construed as to render it obnoxious to the Constitution. 29 C. J. S. Eminent Domain § 214(a), page 1134. A statute conferring the power of eminent domain may adopt the procedural provisions of another statute by specific and descriptive reference thereto, in which case the effect is the same as though the procedure prescribed by the adopted statute had been written into the adopting statute. Where, however, the adopted statute is referred to merely by words describing its general character, only those parts of it which are of a general nature will be considered as incorporated into the adopting statute. 29 C. J. S. Eminent Domain § 214(b), page 1136.

In the case of *School District No. 10 of Charleston County v. Wallace,* 241 S. C. 323, 128 S. E. (2d) 167, it was stated that the "Public Works Eminent Domain Law" contained in Chapter 3 of Title 25, Sections 25-101 through 25-140 describe the procedure for acquisition of property by condemnation for the purposes therein stated. Section 22-107 of the Code authorizes the Trustees of the University of South Carolina, in their decretion, to make use of the provisions of Chapter 3 of Title 25 to acquire lands for which funds are provided by the General Assembly. It thus appears that Section 22-107 of the Code provided, by reference, a method of procedure for the exercise of the power of eminent domain as was conferred upon the Board of Trustees of appellant by Section 22-104(8) of the Code.

Giving to such statute a reasonable and logical construction, we conclude that only those parts of the "Public Works Eminent Domain Law" which are of a general nature were incorporated into the adopting statute. We think such a construction gives effect to the intention of the Legislature. In the absence of constitutional inhibition, we see no reason why the procedure prescribed by the "Public Works Eminent Domain Law" could not be made a part of Section 22-107 of the Code as fully and effectually as if such had been incorporated therein. Certainly, the General Assembly had the right, by statute, to prescribe the manner and enact the procedure by which private property may be condemned for public use. This being true, it had the right to make the procedural provisions of the "Public Works Eminent Domain Law" applicable by reference to such in Section 22-107 of the Code.

The constitutionality of Sections 22-104(8) and 22-107 of the Code is not challenged even though they are applicable to the facts here alleged. Therefore, the procedure invoked does not infringe upon any constitutional rights of the respondents and we need not decide whether the "Public Works Eminent Domain Law", standing alone, is unconstitutional.

The judgment of the lower Court is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.

Reversed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.