THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALFRED DALBY, Defendant-Appellant.

Third District   No. 82—647

Opinion filed June 7, 1983.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Alfred Dalby, filed a *pro se* motion to withdraw his guilty plea. His appointed counsel, pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), discussed the motion with the defendant and, apparently upon the insistance of the defendant, filed a certification indicating that the motion was not in need of amendment. Sev-

eral months later, at the hearing on the motion, defense counsel asked the court for a continuance to allow defense counsel time to again meet with the defendant to discuss a "new issue" not addressed in the certified motion. The trial court did not grant the requested continuance and ruled against the defendant on the issues presented in the written motion. The defendant appeals and states his issue as follows:

> "The trial court erred in granting the State's motion to strike the defendant's motion to withdraw guilty plea rather than granting a continuance of the proceedings or leave to amend the motion where defense counsel noted an additional issue which he should have discussed with the defendant in regard to the motion."

The defendant was charged with two counts of murder and one of burglary. The facts indicate that the defendant beat a 76-year-old woman to death after unlawfully entering the woman's home in March 1981. Initially, the defendant pleaded not guilty to the three charges. Several months later, in October of 1981, the defendant appeared in court, with counsel, and entered a plea of guilty but mentally ill to one count of murder. The State recited to the court the plea agreement: dismissal of the other two counts, the defendant would receive a term of 60 years of imprisonment and the State would recommend that the defendant receive mental treatment. The trial court examined the evidence, which included psychiatric evaluations of the defendant, and statements of the defendant concerning the crime. After informing the defendant of his rights and the ramifications of the plea, the court accepted the defendant's plea and entered a verdict of guilty, but mentally ill, of murder, sentenced the defendant to 60 years and placed the defendant in the custody of the Department of Corrections. The defendant then filed a *pro se* motion to withdraw the plea. The motion alleged error in that the court failed to conduct a fitness examination, in that he had been informed he would be sent to the Menard Psychiatric Center and in that he had not been informed of his rights at the time of his plea. The State filed a motion to strike. It should be noted that shortly after the defendant filed his *pro se* motion, the trial judge called the State and defense counsel before the court. The trial judge suggested to defense counsel that he meet with his client to discuss the motion. Defense counsel met with the defendant in January 1982 and filed a certification that there was no need to amend the motion in May of 1982.

A hearing on the motion was held on August 2, 1982. The defendant was not present but was represented by counsel. The court found

that the defendant's motion was without factual basis. After reviewing the record, the trial court found there was no need for a fitness hearing, the State only agreed to make a recommendation that the defendant be sent to the Menard Center, and the defendant was informed of his rights. Earlier in the hearing, before the court had an opportunity to evaluate the three points of the defendant's motion, defense counsel asked the court to grant a continuance so that counsel could discuss a "new issue" with the defendant. Counsel explained that, in light of the new verdict of guilty but mentally ill (Ill. Rev. Stat. 1981, ch. 38, par. 6—2(c)), counsel, when discussing trial strategy with the defendant before the entry of the guilty plea, thought that the defendant would not be able to win an acquittal under an insanity defense. Consequently, counsel urged the defendant to plead guilty but mentally ill in exchange for concessions from the State. However, shortly before the present hearing, it occurred to counsel that perhaps the State could not utilize the verdict of guilty but mentally ill because the offense occurred before the effective date of the new law. Thus, *ex post facto* principles would render the law inapplicable to the defendant. If this were true, then the defendant had improperly pleaded guilty but mentally ill because of a misapprehension of law, and the plea should be withdrawn. (*People v. Nichols* (1981), 96 Ill. App. 3d 354, 355.) For this reason, counsel requested time to ask his client if he wished to amend the motion to include this argument. The trial court confined his rulings to the grounds expressed in the written certified *pro se* motion. The defendant appeals and alleges that the trial court erred by not granting the continuance.

■ The *ex post facto* issue raised by defense counsel presented an important constitutional issue before the trial court. However, this court finds that the trial court did not err by not considering this constitutional issue because the issue was without merit. As will be discussed below, there is not an *ex post facto* limitation on the application of the verdict of guilty but mentally ill. Consequently, the verdict of guilty but mentally ill was correctly applied to the defendant at the plea hearing and could have been applied to the defendant had he chosen to go to trial. The *ex post facto* argument of defense counsel could not have been a basis for granting the withdrawal of the plea. There was no reason for the trial court to grant a continuance in order to allow the defendant time to add a meritless argument. Therefore, the trial court did not err in not granting a continuance.

■ It is explained in *People v. Thiem* (1980), 82 Ill. App. 3d 956, 959-60, that the retroactive application of criminal statutes is specifically prohibited by the *ex post facto* provisions of the United States

and Illinois constitutions (U.S. Const., art. I, sec. 9; Ill. Const. 1970, art. I, sec. 16) and rules of statutory construction (Ill. Rev. Stat. 1977, ch. 131, par. 4). A statute is characterized as retroactive if it takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions already past.

Before the passage of the 1981 amendment to section 6—2 of the Criminal Code of 1961, a mentally ill criminal could be absolved of responsibility for his criminal conduct if he was "insane" at the time of that conduct. The insanity defense provided as follows:

"(a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

(b) The terms 'mental disease or mental defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct." (Ill. Rev. Stat. 1979, ch. 38, par. 6—2.)

Conversely, under the old law, a mentally ill person was very much responsible for his criminal conduct if he was not insane—if he was able to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

The amendment to section 6—2 provides, in relevant part, as follows:

"(c) A person who, at the time of the commission of a criminal offense, was not insane but was suffering from a mental illness, is not relieved of criminal responsibility for his conduct and may be found guilty but mentally ill.

(d) For purposes of this Section, 'mental illness' or 'mentally ill' means a substantial disorder of thought, mood, or behavior which afflicted a person at the time of the commission of the offense and which impaired that person's judgment, but not to the extent that he is unable to appreciate the wrongfulness of his behavior or is unable to conform his conduct to the requirements of law." (Ill. Rev. Stat. 1981, ch. 38, par. 6—2, eff. Sept. 17, 1981.)

This amendment simply explains that a person can be "mentally ill" and yet not legally insane. And, a person who is only mentally ill is still responsible for his acts. The amendment does not change any rights, obligations or disabilities. Just as in the era prior to the 1981 amendment, a person who commits murder, and is not legally insane, is responsible for his criminal conduct. The defendant in the instant

case was found to be mentally ill but not insane. As under the pre-1981 law, he is responsible for his crime. Pursuant to section 5—2—6, "Sentencing and Treatment of Defendant Found Guilty but Mentally Ill," of the Unified Code of Corrections, the "court may impose any sentence upon the defendant which could be imposed pursuant to law upon a defendant who had been convicted of the same offense without a finding of mental illness." Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6(a).

■■ The only change brought about by the new verdict of guilty but mentally ill is that the mentally ill convicted criminal may be placed with the Department of Mental Health and Developmental Disabilities for hospitalization. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6(b) *et seq.*) The need for hospitalization is based upon the mental state of the defendant during his prison term. Hospitalization is not ordered because of his past acts but rather because of his present need. Thus, here too, there is no retroactive application of the sentencing statute. See *People v. Valdez* (1980), 79 Ill. 2d 74, 81. See also *People v. Marshall* (1983), 114 Ill. App. 3d 217.

■ We find that there is not an *ex post facto* limitation on the application of the guilty, but mentally ill, verdict to the defendant. The trial court acted properly by not allowing defense counsel's request for a continuance in order to develop an *ex post facto* argument. The decision of the trial judge is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.