THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KYLE SMITH, Defendant-Appellant.

First District (4th Division)   No. 82—2459

Opinion filed June 7, 1984.

James J. Doherty, Public Defender, of Chicago (Marilyn Martin, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Jeanette Sublett, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JIGANTI delivered the opinion of the court:

The defendant, Kyle Smith, was charged with two counts of murder. Following a bench trial he was found guilty but mentally ill on both counts and was sentenced to 25 years' imprisonment. The defendant's only arguments on appeal concern the finding of mental illness. After the offense was committed but before the trial commenced, the Illinois legislature passed a statute that permitted a finding of guilty but mentally ill (Ill. Rev. Stat. 1981, ch. 38, par. 115–4(j)). The defendant contends that this statute violates the *ex post facto* clauses of both the United States and Illinois constitutions (U.S. Const., art. I, sec. 10; Ill. Const. 1970, art. I, sec. 16) and is unconsti-

tutional as applied. Further, he contends that the statute is violative of the due process and equal protection clauses of both constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2) and is therefore unconstitutional on its face. The defendant also maintains that the trial court committed error in its sentencing.

Prior to the instant offense the defendant was convicted of armed robbery and aggravated battery. While serving a term of imprisonment the defendant complained of hearing voices and his conduct was described as irrational. He was psychiatrically examined and then sent to the psychiatric ward at Menard, where he received antipsychotic medication. Several months after he was released from prison in February 1981 the defendant again complained of hearing voices. His family noticed a change in his behavior when he acted in an excessively nervous manner and mumbled to himself. A week prior to the instant offense the defendant was examined by a psychiatrist and medication was prescribed. He continued to act irrationally and took his prescribed medication on only one occasion. One week later, the defendant fatally stabbed the victim in the instant case.

■ The defendant's first contention is that the guilty but mentally ill statute is unconstitutional in its application as violative of the *ex post facto* clauses of the United States and Illinois constitutions. He argues that the statute increases his punishment since he suffers adverse collateral consequences by being adjudicated mentally ill in addition to being found guilty of murder. The defendant points out that prior to the enactment of the guilty but mentally ill statute he was subject to only one adjudication of guilt if he unsuccessfully raised the defense of insanity. However, under the guilty but mentally ill statute the defendant is subject to adjudication of both guilt and mental illness. This additional adjudication of mental illness, the defendant maintains, increases his punishment because he suffers the stigma of mental illness, the impairment of his ability to find employment or retain custody of a child, the increased probability of future commitment to mental hospitals, and the uncertainty of whether his reputation will be redeemable. The defendant further observes the existence of a number of licenses that may be either suspended or denied if an individual is adjudicated mentally ill.

The defendant argued that the above-cited instances of alleged increased punishment are not balanced out by any benefit received by a defendant who has been adjudicated mentally ill. He points out that the sentencing court may impose identical sentences upon defendants who are guilty of the same offense even if one is adjudicated mentally ill and the other is not. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—

6(a).) He further asserts that the Department of Corrections has the same discretion under the guilty but mentally ill statute to provide treatment to guilty but mentally ill inmates as it does under the statute controlling inmates who are not adjudicated to be mentally ill. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6(b).) Finally, the defendant cites empirical data provided by several commissions on the insanity defense. This data reveals that, out of 44 defendants found guilty but mentally ill in Illinois, not a single defendant had been committed to a hospital for treatment. (Final Report of the Task Force on the Insanity Defense, State of Virginia 37-38 (Nov. 30, 1982).) The data further discloses that, on a national level, mental health treatment is clearly no more available to those found guilty but mentally ill than to other convicts. National Mental Health Association, Myths and Realities: Report of the National Commission on the Insanity Defense 26-27, 32-34 (Mar. 1983).

In further support of his argument that he has suffered increased punishment, the defendant cites *United States ex rel. Massarella v. Elrod* (7th Cir. 1982), 682 F.2d 688, *cert. denied* (1983), 460 U.S. 1037, 75 L. Ed. 2d 787, 103 S. Ct. 1426. In *Massarella* the offense of perjury had been reclassified from an indictable misdemeanor to a felony. The court found that the defendant who had been convicted of perjury suffered increased punishment because with the conviction of a felony he was ineligible for State elective office, suffered longer curtailment of his voting rights, and was disqualified from holding numerous licenses. Therefore, the court found that as a result of this increased punishment the reclassification of the offense of perjury violated the *ex post facto* clause.

In response to the State's contention that three Illinois court decisions have found the guilty but mentally ill statute not to be violative of the *ex post facto* clauses, the defendant maintains that the issue raised here, whether the defendant's punishment was increased, was not specifically addressed by those other courts. *People v. DeWit* (1984), 123 Ill. App. 3d 723; *People v. Dalby* (1983), 115 Ill. App. 3d 35, 450 N.E.2d 31; *People v. Marshall* (1983), 114 Ill. App. 3d 217, 448 N.E.2d 969.

We find the defendant's arguments on this issue unavailing. In order for a law to be *ex post facto*, it must materially alter the legal situation of the accused to his disadvantage. (*Weaver v. Graham* (1981), 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960.) To disadvantage a defendant the statute must punish as a crime an act which was previously lawful, increase the penalty for the crime, or deprive one charged with a crime of any defense available according to the law at

the time when the act was committed. (*Dobbert v. Florida* (1977), 432 U.S. 282, 53 L. Ed. 2d 344, 97 S. Ct. 2290.) In *Dobbert*, the United States Supreme Court stated:

> "It is equally well settled, however, that '[t]he inhibition upon the passage of *ex post facto* laws does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed.' *Gibson v. Mississippi*, 162 U.S. 565, 590 (1896). '[T]he constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation, see *Malloy v. South Carolina*, 237 U.S. 180, 183, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance.' *Beazell v. Ohio, supra*, at 171.

> Even though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto*." *Dobbert v. Florida* (1977), 432 U.S. 282, 293; 53 L. Ed. 2d 344, 356, 97 S. Ct. 2290, 2298.

While the defendant may be correct in maintaining that he has been stigmatized by the adjudication of mental illness, that his potential ability to retain custody of a child has been impaired, that the probability of his future commitment to a mental hospital has been increased, and that he is uncertain that his reputation will be redeemable, these findings do not materially alter the legal situation to his disadvantage. (*Weaver v. Graham* (1981), 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960.) Nor has the defendant been deprived of substantial personal rights because of arbitrary or oppressive legislation. (*Dobbert v. Florida* (1977), 432 U.S. 282, 53 L. Ed. 2d 344, 97 S. Ct. 2290.) Rather, the fact that the defendant has been convicted of the most serious of crimes, murder, imposes the most dramatic stigma on the defendant and also engenders most of the collateral consequences that the defendant claims arise from the finding of mental illness. His argument is premised on the idea that the finding of mental illness increases these possibilities. If they do, they do not do so to a material degree so as to alter his legal situation. It appears to this court that, considering the fact the defendant has been convicted of murder, the additional finding of mental illness ameliorates the culpability attendant to a finding of murder.

The defendant also contends that there is no balancing of benefits to the defendant attendant to the new guilty but mentally ill statute. We fail to see that there is any legal requirement that there must be a balancing. The only requirement we perceive is that stated in *Dobbert* that the *ex post facto* provision was intended to secure substantial and

personal rights against arbitrary and oppressive legislation. Legislation designed to classify inmates in the penitentiary appears to be a rational classification and is well within the discretion of the legislature in its efforts to provide for the running of the penitentiary system.

Furthermore, *Massarella* furnishes no support for the defendant. The statute found to be an *ex post facto* statute in *Massarella* increased the punishment because prior to this statute the defendant would not have been disqualified from holding licenses nor would he have been ineligible for State elective office. However, the conviction of murder in the instant case is sufficient to cause suspension or revocation of the licenses cited by the defendant absent a finding of mental illness. (Ill. Rev. Stat. 1981, ch. 111, pars. 4019, 4041; 87 Ill. 2d Rules 757, 761; Ill. Rev. Stat. 1981, ch. 144, pars. 151(4), 151(12).) Therefore, the defendant has not suffered an increased punishment as a result of his being found guilty but mentally ill.

The defendant also argues that the guilty but mentally ill statute is violative of *ex post facto* clauses by alternatively disadvantaging the defendant by providing the finder of fact another theory of guilt unavailable to the prosecutor at the time of the instant offense. The defendant's argument is based on the seminal *ex post facto* case, *Calder v. Bull* (1798), 3 U.S. (3 Dall.) 386, 1 L. Ed. 648. The Supreme Court in *Calder* set forth criteria for finding a law violative of *ex post facto*. According to *Calder, ex post facto* laws are "1st. Every law that makes an action done before the passing of the law; and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Calder v. Bull* (1798), 3 U.S. (3 Dall.) 386, 390; 1 L. Ed. 648, 650.

In the instant case, the defendant has emphasized the fourth element in *Calder*, altering the legal rules of evidence, as supportive of his position that the guilty but mentally ill statute is unconstitutional. We find that the defendant has misinterpreted *Calder*. Under the guilty but mentally ill statute the prosecution does not have to provide any more or less evidence in order to convict a defendant of the crime charged than he did prior to the enactment of the statute, and therefore no significant change in the rules of evidence occurs. Ac-

cordingly, the defendant's alternative *ex post facto* violation also fails.

The second issue raised by the defendant is whether the guilty but mentally ill statute violates the due process clauses of the United States and Illinois constitutions. The defendant asserts that the guilty but mentally ill statute violates due process by penalizing only those defendants who unsuccessfully raise the insanity defense by imposing on them the gratuitous label of adjudicated mental illness, with all of its concomitant collateral effects, without any compensatory mitigating impact, and by harboring the potential of chilling the assertion of the insanity defense by way of both the collateral consequences and the encouragement of a compromised verdict without any assurance of treatment.

When determining whether a statute violates due process the court must determine whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare. The due process clause requires only that the statute be reasonably designed to accomplish its purposes, not that it be the best means of accomplishing them. *People v. Burton* (1981), 100 Ill. App. 3d 1021, 427 N.E.2d 625.

In the instant case, the legislature intended to provide a statute that reduced the number of persons who were erroneously found not guilty by reason of insanity and to characterize such defendants as in need of treatment. The guilty but mentally ill statute is clearly rationally designed to accomplish that goal. The statute enables the court to still find defendants guilty that are not so mentally ill as to be legally insane, but it also provides procedures for providing treatment to such defendants. As it was discussed previously, the attendant stigmas asserted by the defendant do not create a significant penalty and are not a sufficient basis on which to find the statute unconstitutional. Moreover, the fact that the treatment is not assured also does not render the guilty but mentally ill statute constitutionally fatal as the defendant argues. Rather, in *People v. Kaeding* (1983), 98 Ill. 2d 237, 244-45, 456 N.E.2d 11, 16, the Illinois Supreme Court noted that the legislature did not intend to require the court or the Department of Corrections to provide treatment to all guilty but mentally ill defendants.

Additionally, the guilty but mentally ill statute does not chill the assertion of the insanity defense. Under the guilty but mentally ill statute, in order to convict a defendant who raises the insanity defense, the defendant must still be found guilty beyond a reasonable doubt of the crime charged and be found legally sane. (Ill. Rev. Stat. 1981, ch. 38, pars. 115—3(c), 115—4(j).) The statute does not change

any rights, obligations or disabilities (*People v. Dalby* (1983), 115 Ill. App. 3d 35, 450 N.E.2d 31), so that neither the possibility of adverse collateral consequences nor a purported compromised verdict significantly chills the assertion of the insanity defense so as to render the statute unconstitutional.

■ The third issue on appeal is whether the guilty but mentally ill statute violates the equal protection clauses of the United States and Illinois constitutions. The defendant asserts that the guilty but mentally ill statute establishes two arbitrary classifications that are violative of the equal protection clause. The first classification is between guilty but mentally ill defendants placed on probation, periodic imprisonment or conditional discharge, who are required to submit to treatment (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6(e)(1)), and guilty but mentally ill defendants placed in prison who receive no assurance of treatment at all (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6(b)). The Illinois Supreme Court in *People v. Kaeding* (1983), 98 Ill. 2d 237, 456 N.E.2d 11, responded to this exact issue by finding that there was no equal protection infirmity in his first classification. The second classification is among inmates and is based solely on whether an inmate raised the insanity defense at his trial. This defendant contends that only those inmates who unsuccessfully raised the insanity defense are subject to the stigmatic badge of an additional adjudication of mental illness and that, absent any *quid pro quo* for this harsher form of adjudication, the guilty but mentally ill statute must fail under an equal protection attack.

A statute carries a presumption of rationality when undergoing the traditional equal protection examination, and it is the defendant's burden to demonstrate the impermissible nature of the classification created. (*People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97, *cert. denied* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87.) In the instant case, the defendant has failed to meet his burden. The defendant relies solely on the concept of stigma and adverse collateral consequences as grounds for striking down the statute as unconstitutional on its face. We do not believe that the absence of a *quid pro quo* renders the guilty but mentally ill statute unconstitutional. Moreover, the court in *People v. Kaeding* (1983), 98 Ill. 2d 237, 247, 456 N.E.2d 11, 17 found section 5—2—6, the section making treatment discretionary, a rational means of furthering the legislative purpose of prescribing sanctions proportionate to the seriousness of the offenses and permitting the recognition of differences in rehabilitation possibilities among individual offenders. (Ill. Rev. Stat. 1981, ch. 38, par. 1001—1—2(a).) Accordingly, the guilty but mentally ill statute is rationally based on a

legitimate legislative purpose and does not create an arbitrary classification.

■ The final issue on appeal is whether the instant cause should be remanded for resentencing. In this action, the defendant was convicted of murder under sections 9—1(a)(1) and 9—1(a)(2) (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1(a)(1), 9—1(a)(2)). The State has agreed that one of the defendant's murder convictions must be vacated since there can be only one murder conviction when there is only one victim. (*People v. Martin* (1983), 112 Ill. App. 3d 486, 445 N.E.2d 795.) However, the defendant contends that the cause must be remanded for resentencing since it is impossible to discern on appeal to what extent the second, unauthorized murder conviction may have influenced the trial judge in the sentencing decision. We disagree. There is no indication in the record that the court was in any way influenced by the second conviction of murder when sentencing the defendant. (*People v. Martin* (1983), 112 Ill. App. 3d 486, 445 N.E.2d 795; *People v. Miles* (1981), 96 Ill. App. 3d 721, 422 N.E.2d 5.) Accordingly, the murder conviction under section 9—1(a)(2) must be vacated but the cause is not to be remanded for resentencing.

The judgment of the trial court is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

LINN, P.J., and JOHNSON, J., concur.