### 22833

RICHLAND COUNTY; Raymond E. McKay, Jr., in his individual capacity as a resident, elector and taxpayer of Richland County; John D. Monroe, in his individual capacity as a resident, elector and taxpayer of Richland County; Leone S. Castles, in her individual capacity as a resident, elector and taxpayer of Richland County; Bill E. Taylor, in his individual capacity as a resident, elector and taxpayer of Richland County; and James C. Farley, in his individual capacity as a resident, elector and taxpayer of Richland County, Appellants v. Carroll A. CAMPBELL, Jr., as Governor of the State of South Carolina and as Chairman of the State Budget and Control Board; Nick A. Theodore, as Lieutenant Governor of the State of South Carolina and as President Pro-Tempore of the Senate, and as a Representative of the State of South Carolina Senate; Robert Sheheen, as Speaker of the House of Representatives and as a Representative of the South. Carolina House of Representatives, Respondents.

(364 S. E. (2d) 470)

Supreme Court

*William F. Able* and *C. Dennis Aughtry, Richland County Attorney's Office*, Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. J. Emory Smith, Jr.*, Columbia, *for respondents.*

Heard Oct. 20, 1987.

Decided Jan. 25, 1988.

FINNEY, Justice:

This is an appeal from the circuit court's dismissal of a declaratory judgment action challenging the constitu-

tionality of the public education financing system. Appellants Richland County, et al., attacked the constitutionality of the South Carolina Education Finance Act (EFA), the Education Improvement Act (EIA), and the validity of the requirement that local school districts contribute to the funding of local schools under Article XI, Section 3, of the South Carolina Constitution. *See*, S. C. Code Ann. §§ 59-20-10, *et seq.* (1986), 59-21-20 and 12-35-510 (1976). The trial court granted respondents', Governor Carroll A. Campbell, Jr., et al., motion to dismiss the action pursuant to Rule 12(b)(1) and (6) of the South Carolina Rules of Civil Procedure. We affirm.

Appellants commenced this action alleging that the present system for financing public primary and secondary education is unconstitutional and sought an order directing the legislature to reallocate school funds to remedy the alleged invalid system. Appellants contend that the plan for financing public education under the EFA and EIA violates Article XI, Section 3, of the South Carolina Constitution, because the plan provides for shared funding of a minimum program of public education by the state and local school districts. Appellants assert that this shared funding of public education produces disparate revenue and unequal educational opportunities because it is based upon formulas that take into account the individual wealth of the various school districts. *See*, S. C. Code Ann. § 59-20-40(e) and (f) (1986).

Respondents moved to dismiss the action on the grounds of legislative immunity, lack of standing, lack of authority of certain respondents to provide the requested relief, and the validity and constitutionality of the EFA and EIA. The trial judge granted respondents' motion, finding that the EFA and the EIA are valid legislative means to provide for the funding of public education under Article XI, Section 3. The trial judge concluded that the provision permits shared state and local funding to support the public education system as set forth in the EFA and the EIA.

Appellants argue that the trial court erred in finding that the EFA, EIA and shared funding of public schools by local and state revenues are constitutionally valid means to support public education. Appellants' attack on the validity of the EFA, EIA and the shared funding requirement is based

upon their interpretation of Article XI, Section 3, of the South Carolina Constitution which states that the legislature "... shall provide for the maintenance and support of a system of free public schools...." Apparently, appellants interpret this provision as requiring the legislature to "pay" for the cost of the public school system rather than "provide" for its maintenance and support.

The challenged provision is similar to a section contained in the South Carolina Constitution in 1946 which required the General Assembly "... to provide for a liberal system of free public schools...." *See*, Article XI, Section 5, Constitution of South Carolina, repealed by Act 653, Acts and Joint Resolutions of South Carolina, 1954. The trial court noted that in 1946, the South Carolina Supreme Court made the following comments about the provision which are applicable to Article XI, Section 3:

> [T]he Constitution ... places very few restrictions on the powers of the General Assembly in the general field of public education. It is required to 'provide for a liberal system of free public schools,' but the details are left to its discretion ... *Hildebrand, et al., v. High School District No. 32, et al.*, 138 S. C. 445, 136 S. E. 757 [(1927)].
> ....
> The development of our school system in South Carolina has demonstrated the wisdom of the framers of the Constitution in leaving the General Assembly free to meet changing conditions.

*Moseley v. Welch*, 209 S. C. 19, 33-34, 39 S. E. (2d) 133, 140 (1946). Similarly, under Article XI, Section 3, the framers of the Constitution have left the legislature free to choose the means of funding the schools of this state to meet modern needs. In the EFA and related laws, the General Assembly has chosen a valid means of providing for education in this state through the use of the shared funding plan.

An additional ground for sustaining the trial court's ruling is that when the validity of a legislative act is questioned, it is a cardinal principle that courts will presume the legislative act to be constitutionally valid, and every intendment will be indulged in favor of the act's validity by the courts. *See e.g., Powell v. Red Carpet Lounge*, 280 S. C. 142, 311 S. E. (2d) 719 (1984); *University of South*

*Carolina v. Mehlman,* 245 S. C. 180, 139 S. E. (2d) 771 (1964). Accordingly, we conclude that the EFA and the EIA are valid legislative enactments and do not contravene Article XI, Section 3, of the South Carolina Constitution.

Finally, appellants argue that the shared funding plan denies students equal educational opportunities because the formula considers each school district's wealth, thereby depriving them of equal protection. In advancing the equal protection argument, appellants cite court decisions which held unconstitutional systems of financing public education that rely on local property taxes. *See, Robinson v. Cahill,* 118 N. J. Super. 223, 287 A. (2d) 187 (1972); and *Serrano v. Priest,* 5 Cal. (3d) 584, 96 Cal. Rptr. 601, 487 P. (2d) 1241 (1971). These courts found the financing plans to be a denial of equal protection primarily because of the funding scheme's substantial reliance upon local property taxes to finance education. The inequities among the various tax bases in these states produced disparities in revenue which caused significant and unconstitutional inequities in educational expenditures and opportunities. *Id.*

This controversy is distinguishable from appellants' cited authorities. The EFA provides for a shared funding formula plan that takes into account the individual wealth of each school district. However, school districts which lack a sufficient tax base *receive proportionally more* state funds and are required to *pay proportionately less* local revenue for public school operation. *See,* S. C. Code Ann. § 59-20-40(e) and (f) (1986).

We conclude that the shared funding plan implemented by the General Assembly through the EIA and EFA is a rational and constitutional means by which to equalize the educational standards of the public school system and the educational opportunities of all students. We affirm the decision of the trial court.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.