THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSIE STARNES, Defendant-Appellant.

First District (2nd Division)    No. 1—94—2230

Opinion filed June 13, 1995.

Rita A. Fry, Public Defender, of Chicago (Hugh Stevens, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DiVITO delivered the opinion of the court:

Following a bench trial, defendant Jessie Starnes was acquitted of two counts of criminal sexual assault and one count of aggravated criminal sexual abuse, but found guilty of two counts of aggravated criminal sexual abuse. Judgment was entered on one count, and defendant was sentenced to probation for four years and certified as a child sex offender pursuant to the Child Sex Offender Registration Act (the Act) (730 ILCS Ann. 150/1 *et seq.* (Smith-Hurd 1995)). He now appeals his certification and registration, although not his conviction, asserting that the Act violates the *ex post facto* clauses of the United States and Illinois Constitutions. For reasons that follow, we affirm.

Defendant, 45 years old at the time, was charged with two counts of criminal sexual assault and three counts of aggravated criminal sexual abuse against his 15-year-old deaf and mute niece K.Y. on or about March 16, 1990, through August 5, 1991. He waived his right to a jury trial and was tried by the court in February and April of 1994.

Witnesses included K.Y., who testified through a sign language interpreter; Eva Y., K.Y.'s mother; Albert McBee, K.Y.'s 15-year-old cousin who was living with defendant; and Dr. Sharon Ahant, an

expert in pediatrics. The evidence adduced showed that defendant had various kinds of sex with the young woman nine times, including vaginal intercourse three times and anal intercourse once. He was acquitted of the criminal sexual assault charges and one of the aggravated criminal sexual abuse charges. He was found guilty of two counts of aggravated criminal sexual abuse, with judgment entered on one count only. Defendant was sentenced to probation for four years to be accompanied by counseling, a $20-per-month probation fee, and no contact with K.Y. The court also granted the State's motion pursuant to the Act for a specimen of defendant's blood, and he was certified as a child sex offender, which required him to register with the police chief in the municipality in which he lived. He did not object to the certification in the circuit court. Defendant filed a timely notice of appeal on June 17, 1994.

Defendant asserts that his certification as a child sex offender violates the *ex post facto* clauses of the United States and Illinois Constitutions as applied to him. He argues that at the time of the offense, the Habitual Child Sex Offender Registration Act (as it was then known) required registration after conviction of a second offense, not a first offense. (Ill. Rev. Stat. 1991, ch. 38, par. 222.) He further argues that the Act was amended, effective January 1, 1993, and its title was changed to the Child Sex Offender Registration Act. The relevant change in the Act required certification and registration after conviction of a first offense. Defendant finally argues that certification and registration constitute punishment that is prohibited by the *ex post facto* clauses of the United States Constitution (U.S. Const., art. I, § 10) and the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 16).

The State responds that defendant has waived any claim under the *ex post facto* clauses, because he failed to raise the issue in the circuit court, and that the Child Sex Offender Registration Act is not an *ex post facto* law as applied to defendant because it imposes no punishment.

■ Our supreme court has ruled that the constitutionality of a statute may be raised at any time, whether it has been challenged in the circuit court or not. (*People v. Bryant* (1989), 128 Ill. 2d 448, 454, 539 N.E.2d 1221, 1224.) Waiver therefore may not apply.

The appellate court, however, in *People v. Sales* (1990), 195 Ill. App. 3d 160, 551 N.E.2d 1359, held that an attack on the constitutionality of a statute governing collateral effects of the defendant's conviction of aggravated criminal sexual abuse (revocation of his driver's license on conviction) was waived because he failed to raise the issue in the circuit court. The State argues that the difference is that *Bry-*

*ant* prohibits waiver of a challenge to the constitutionality of the statute under which a defendant is convicted and that *Sales* deals with a collateral statute. We find this argument to be persuasive and hold that defendant has waived his constitutional challenge.

■ Even if defendant had not waived his claim, however, he would not prevail. Illinois courts construe the *ex post facto* clause of the Illinois Constitution of 1970 in step with the United States Supreme Court's construction of the *ex post facto* clause of the United States Constitution. (*Barger v. Peters* (1994), 163 Ill. 2d 357, 360, 645 N.E.2d 170, 171.) No statute can be an *ex post facto* law prohibited by the United States and Illinois Constitutions unless it makes conduct criminal which was previously legal or increases the punishment for an existing crime. *Dobbert v. Florida* (1977), 432 U.S. 282, 292, 53 L. Ed. 2d 344, 356, 97 S. Ct. 2290, 2298; *Barger*, 163 Ill. 2d at 361, 645 N.E.2d at 172; *People v. Witt* (1992), 227 Ill. App. 3d 936, 942, 592 N.E.2d 402, 407.

Our supreme court and the appellate court have held that the predecessor to the Child Sex Offender Registration Act was not penal in nature and that its provisions did not amount to punishment. The supreme court stated:

> "The statute prescribes a duty on the part of an individual on the basis of a criminal conviction. The question to be answered is whether this duty is punishment. Traditional notions of punishment aid little in the resolution of this issue since the statutory duty is neither imprisonment nor a fine. It imposes no restraints on liberty or property. In short, by traditional definition, the duty to register is not punishment.

> \* \* \*

> The disability fails to meet the guidelines set forth for determining what constitutes punishment. For these reasons, the Registration Act does not constitute punishment under the eighth amendment." (*People v. Adams* (1991), 144 Ill. 2d 381, 387-89, 581 N.E.2d 637, 640-41.)

In *People v. Murphy* (1991), 207 Ill. App. 3d 539, 541, 565 N.E.2d 1359, 1360, the appellate court said that "certification is a collateral consequence of a defendant's conviction for a sex offense against a child rather than a penalty or an enhancement of the sentence." In *People v. Taylor* (1990), 203 Ill. App. 3d 636, 561 N.E.2d 393, the court stated:

> "Our analysis of the Act leads to the conclusion that it is not penal in nature, thus not a part of the sentencing procedure. It is an Act for the protection of the general public from those prone to sex offenses against children. Any limitation of the rights of an of-

fender proscribed by the Act is made insignificant when weighed against the protection to the public." *Taylor*, 203 Ill. App. 3d at 638, 561 N.E.2d at 394.

As did its predecessor, all that the Act requires is that a defendant convicted of a sex offense against a child fill out a form so that the local chief of police will know where the offender lives. (730 ILCS Ann. 150/3 (Smith-Hurd 1995).) Despite defendant's arguments, this does not amount to punishment and therefore cannot violate the *ex post facto* clauses.

Additionally, a defendant does not have an absolute right to be tried or sentenced under the law as it existed at the time of the offense; procedural changes, even those which work to the disadvantage of a defendant, may be applied retroactively if they do not create a new offense or increase punishment. (*Dobbert*, 432 U.S. at 293, 53 L. Ed. 2d at 356, 97 S. Ct. at 2298; *People v. Felella* (1989), 131 Ill. 2d 525, 536-37, 546 N.E.2d 492, 497; *Williams v. Klincar* (1992), 237 Ill. App. 3d 569, 572, 604 N.E.2d 986, 988.) The Child Sex Offender Registration Act is procedural in nature, not punitive.

Statutes imposing some collateral consequence upon a conviction may be applied retroactively if their purpose is not to punish the offender but to protect some other legitimate public interest. In *In re Estate of Roy* (1994), 265 Ill. App. 3d 99, 637 N.E.2d 1228, for example, the appellate court upheld retroactive application of a law prohibiting a convicted felon from acting as guardian of a disabled person. The court held that the statute did not violate the *ex post facto* clause since its purpose was not to punish felons but to protect disabled persons. (*In re Estate of Roy*, 265 Ill. App. 3d at 103, 637 N.E.2d at 1232.) Similarly, in *People v. Smith* (1984), 124 Ill. App. 3d 805, 465 N.E.2d 101, the appellate court upheld retroactive application of a statute providing for a verdict of guilty but mentally ill in criminal cases, although the defendant argued that the law stigmatized him as mentally ill and could affect his economic and social status. The court ruled that the guilty but mentally ill verdict did not increase the punishment for any offense and therefore could be retroactively applied without violating the *ex post facto* clauses. *Smith*, 124 Ill. App. 3d at 807-10, 465 N.E.2d at 104-05.

After examining the legislative history of the Act, our supreme court stated, "The Registration Act was designed to aid law enforcement agencies by requiring habitual child sex offenders to register with the local law enforcement authorities whenever they move." (*Adams*, 144 Ill. 2d at 386, 581 N.E.2d at 640.) The purpose of the Act therefore protects a legitimate public interest. Because it imposes a collateral consequence upon conviction, as opposed to punishment, under Illinois law it may be applied retroactively.

For all of these reasons, we affirm defendant's certification and registration under the Child Sex Offender Registration Act.

Affirmed.

SCARIANO, P.J., and McCORMICK, J., concur.