484 S.E.2d 869

**The STATE of South Carolina, Respondent,**

v.

**Brent HORNSBY, Appellant.**

No. 24610.

Supreme Court of South Carolina.

Heard Dec. 3, 1996.

Decided April 28, 1997.

Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, and Assistant Deputy Attorney General Donald J. Zelenka, both of the Attorney General's Office, Columbia; and Solicitor Warren B. Giese, Columbia, for respondent.

BURNETT, Justice.

Appellant was convicted by a verdict of guilty but mentally ill of first degree burglary and murder. He appeals his conviction on the grounds the guilty but mentally ill verdict and statute, S.C.Code Ann. § 17–24–20 (Supp.1995), are unconstitutional. We affirm.

## FACTS

Appellant was indicted on charges of first degree burglary and murder. He entered a plea of not guilty by reason of insanity. A jury convicted appellant by verdicts of guilty but mentally ill on each charge and he was sentenced to two consecutive terms of life in prison.

Appellant contends the guilty but mentally ill statute, S.C.Code Ann. § 17–24–20 (Supp.1995) (GBMI statute), is unconstitutional. In support of his contention, appellant offered the testimony of Dr. DeWitt and Dr. Morgan, both experts in forensic psychiatry. According to these experts, all

prisoners, whether found guilty or guilty but mentally ill, are afforded the same initial mandatory evaluation by the Department of Corrections. In Dr. Morgan's opinion, defendants receiving a GBMI verdict receive no benefit over defendants found guilty. In fact, he concluded the GBMI verdict attaches a "stigma" to a prisoner. The trial court held the GBMI statute was constitutional.

In his brief, appellant further argues (1) the GBMI statute and verdict are unconstitutional because they impinge on his right to a fair trial by allowing the jury to think a GBMI verdict is a lesser verdict with a different mens rea than a guilty verdict; (2) the trial judge erred by failing to instruct the jury on the sentencing consequences and the mens rea requirement of a GBMI verdict; and (3) the GBMI verdict distracts the jury and leads to compromise verdicts.

## ISSUE

Did the trial court err in holding the guilty but mentally ill statute, S.C.Code Ann. § 17–24–20 (Supp.1995), and verdict constitutional?

## DISCUSSION

Appellant claims the GBMI statute and verdict violate his right to due process under the Fourteenth Amendment. Specifically, appellant argues a GBMI inmate receives "no benefit" from the verdict because other mentally ill inmates who are found guilty also receive necessary psychiatric treatment and the GBMI verdict attaches a "stigma" to these inmates causing them to serve longer prison sentences.[1] We disagree.

When a statute is challenged under the Due Process Clause, this Court only requires the act to be reasonably designed to accomplish its purposes, unless some fundamental

---

1. At trial, appellant asserted the GBMI statute also violated his right to equal protection under the Fourteenth Amendment and it constituted cruel and unusual punishment under the Eighth Amendment. Appellant makes no reference to these arguments in his appellate brief Therefore, these issues are deemed abandoned. *State v. Sullivan*, 277 S.C. 35, 282 S.E.2d 838 (1981) (issues which are not argued in brief are deemed abandoned and preclude consideration on appeal).

right or suspect class is implicated. See *Walker v. SCDHPT*, 320 S.C. 496, 466 S.E.2d 346 (1995); *People v. Smith*, 124 Ill.App.3d 805, 80 Ill.Dec. 310, 465 N.E.2d 101 (1984) (finding the GBMI statute constitutional under the Due Process Clause). The burden of showing a statute is unreasonable falls on the one who attacks it. See *State v. Brown*, 317 S.C. 55, 451 S.E.2d 888 (1994) (burden on challenger to prove statute violates Equal Protection Clause); *Commonwealth v. Trill*, 374 Pa.Super. 549, 543 A.2d 1106 (1988) (burden of persuasion falls on party seeking to rebut presumption of constitutionality). Further, when this Court considers the constitutionality of a statute passed by the General Assembly, it construes the statute so as to render it valid if possible. *University of South Carolina v. Mehlman*, 245 S.C. 180, 139 S.E.2d 771 (1964). A legislative act will not be declared unconstitutional unless its repugnance to the constitution is clear and beyond reasonable doubt. Id. Every presumption is made in favor of the constitutionality of a legislative enactment. Id.

■ The purposes for the enactment of GBMI statutes are (1) to reduce the number of defendants being completely relieved of criminal responsibility and (2) to insure mentally ill inmates receive treatment for their benefit as well as society's benefit while incarcerated. *State v. Wilson*, 306, S.C. 498, 413 S.E.2d 19 (1992). A verdict of GBMI does not absolve a defendant of guilt. A defendant found GBMI must be sentenced as provided by law for a defendant found guilty. Id. However, under the GBMI statute, a defendant found GBMI is entitled to immediate treatment and evaluation. S.C.Code A-nn. § 17–24–70 (Supp.1995).

■ The GBMI statute is rationally designed to accomplish the two purposes set forth above.[2] The GBMI statute

---

2. Appellant properly does not claim a suspect class or fundamental right are implicated by the GBMI statute. Mental illness is not a suspect class. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 L.Ed.2d 313 (1985). Further, because appellant has been found guilty beyond a reasonable doubt in a judicial proceeding, his liberty interests have been curtailed. Thus, no fundamental right is involved. See also *Commonwealth v. Trill*, supra (a challenge to the GBMI verdict does not implicate a fundamental right

simply recognizes the continuum in the law regarding mental illness and provides a guide for a jury when considering whether a defendant is not guilty; not guilty by reason of insanity (incapable of determining right from wrong); guilty but mentally ill (incapable of conforming his conduct to the requirements of the law but capable of distinguishing right from wrong); or guilty (suffers no mental illness). Further, a conviction of GBMI provides a signal to the Department of Corrections that a new prisoner may have a mental illness and should be treated before integrating him into the general prison population. We find the purposes of the GBMI statute are reasonably accomplished by the provisions of the statute and there is no due process violation.

■ Further, contrary to appellant's assertion, GBMI prisoners do benefit from the GBMI statute in that they are automatically sent to special centers for evaluation and treatment while guilty inmates in need of mental health care are directly integrated into the prison system. See S.C.Code Ann. § 17–24–70 (Supp.1995). We note the statute was not designed to "benefit" GBMI inmates to the exclusion of guilty inmates. Psychiatric care should be available for all inmates, and GBMI inmates should not receive better treatment than guilty inmates. This statute is not rendered a nullity because a defendant found guilty and not mentally ill may also receive mental health treatment. See *State v. Neely,* 112 N.M. 702, 819 P.2d 249 (1991) (the reasonableness and legitimacy of the State's purpose is not diminished because all convicted defendants may receive psychiatric care if it is needed); *People v. Darden,* 132 Mich.App. 154, 346 N.W.2d 915 (1984) (rejecting appellant's claim that the GBMI verdict is unconstitutional because a defendant found simply guilty is also entitled to treatment for mental illness).

■ Moreover, appellant's argument that the GBMI verdict attaches a "stigma" to those inmates because their actual time served may be longer is speculative. Appellant offered no evidence on this issue. Dr. Morgan did give an opinion that he thought GBMI inmates serve longer sentences; however, no study had been done on this issue. The possibility of

---

or suspect class); *People v. McLeod,* 407 Mich. 632, 288 N.W.2d 909 (Mich.1980) (finding no fundamental right or suspect class).

a stigma is not sufficient to hold the statute unconstitutional. See *People v. Smith*, supra.

On appeal, appellant argues that since jurors are not informed the same mens rea and sentencing consequences exist under a guilty and a GBMI verdict, jurors are misled to believe GBMI is a lesser verdict than guilty resulting in compromise verdicts. Consequently, appellant maintains the GBMI statute and verdict deprive him of a fair trial, thus violating his due process rights under the Fifth and Fourteenth Amendments and his right to a jury trial under the Sixth Amendment. We disagree.

First, while appellant offered in camera expert testimony that there is no difference between mental health treatment for a guilty or GBMI defendant and argued at trial this lack of distinction violated his rights to due process, appellant did not argue that since jurors are not informed the same mens rea and sentencing consequences exist under a guilty and GBMI verdict, jurors are misled to believe GBMI is a lesser verdict than guilty. Accordingly, appellant's current argument is not preserved for appeal. *State v. Tucker*, 319 S.C. 425, 462 S.E.2d 263 (1995) (a party cannot argue one ground below and then another ground on appeal).

In any event, appellant's argument is speculative. Appellant presented no evidence that members of his jury panel thought GBMI was a lesser verdict than guilty or that the GBMI verdict was chosen as a compromise. When polled after rendering the verdict, all members of appellant's panel indicated GBMI was their verdict.

Moreover, we note, at appellant's request, the trial judge instructed the jury on the necessary mens rea for murder. The trial judge specifically told the jury, under insanity, a defendant does not have criminal intent and should be acquitted. The trial judge explained a person who is guilty but mentally ill has the capacity to distinguish between right and wrong or to recognize an act is wrong but lacks capacity to conform his conduct. Based on these instructions, reasonable jurors could only have concluded a defendant must have the same mens rea whether guilty or GBMI, and the lack of mens rea only exists in a finding of insanity. Accordingly,

appellant's jurors were not misled to believe GBMI is a lesser verdict than guilty.

Further, appellant did not request the trial judge instruct the jury the sentencing consequences for a guilty or GBMI verdict are the same. Accordingly, he cannot now complain the jury was misled because it thought GBMI is a lesser verdict than guilty. *State v. Whipple*, 324 S.C. 43, 476 S.E.2d 683 (1996); Rule 20, SCRCrimP. In any case, the function of a jury is to determine whether the defendant is guilty or not guilty and the consequences of a conviction are of no aid in determining whether the defendant committed the offense. *State v. Poindexter*, 314 S.C. 490, 431 S.E.2d 254 (1993).

Nonetheless, we have considered the merits of appellant's argument and conclude there was no violation of due process or the right to a fair trial by the GBMI statute and verdict. A denial of due process occurs when a defendant in a criminal trial is denied the fundamental fairness essential to the concept of justice. See 21 Am.Jur.2d, Criminal Law § 640 (1981). As discussed above, the GBMI statute and verdict did not deprive appellant of fundamental fairness.

Other jurisdictions have rejected similar claims that the GBMI statute and verdict render the trial unfair and lead to compromise verdicts. See *United States ex rel. Weismiller v. Lane*, 815 F.2d 1106 (7th Cir.1987) (finding the Illinois GBMI statute does not deny a defendant a fair trial); *People v. DeWit*, 123 Ill.App.3d 723, 79 Ill.Dec. 188, 463 N.E.2d 742 (1984) (GBMI statute does not violate due process); *People v. Ramsey*, 422 Mich. 500, 375 N.W.2d 297 (1985) (verdict is not a compromise because to hold otherwise would require the court to presume jury compromise in every case where more than one verdict or charge is submitted to the jury); *State v. Neely*, supra (statute did not violate due process requirements); *Commonwealth v. Trill*, supra (GBMI verdict is constitutional); *State v. Baker*, 440 N.W.2d 284 (S.D.1989) (GBMI verdict is not a lesser verdict; instead, by disclosing the full spectrum of criminal responsibility to the jury, the jury better understands the gradation of responsibility in the law and is thereby helped in their assessment of the case). We find these cases persuasive.

■ When, as here, the jury is properly apprised of the legal standards to determine insanity and mental illness, the right to a fair trial is not infringed. The GBMI statute ensures the jury applies the legal definition of insanity correctly by underscoring that a person may be mentally ill, yet not legally insane. *Weismiller*, supra; *Neely*, supra. The GBMI verdict clarifies the distinction between a defendant who is not guilty by reason of insanity and one who is mentally ill yet not criminally insane and, therefore, is criminally liable. Although the verdict may complicate a jury's decision, it does not make the inquiry beyond a jury's competence.

The risk of a compromise is neither greater than nor different from that presented when a jury is instructed on lesser included offenses, which have not been found to create an impermissible risk of jury compromise. See *Weismiller*, supra; *Ramsey*, supra. Further, appellant offered no evidence to support his contention that the GBMI verdict encourages a jury to reject a bona fide insanity defense. *Weismiller*, supra. Thus, it would be speculative for this Court to consider this argument.

Because we find the GBMI statute and verdict constitutional, appellant's conviction is **AFFIRMED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.