**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jason Scott Morton, Appellant.

Appellate Case No. 2015-002641

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2018-UP-372
Submitted September 1, 2018 – Filed October 10, 2018

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996) ("The trial court has broad discretion when dealing with the propriety of the [State]'s argument . . . ."); *id.* ("The trial court's discretion will not be overturned

absent a showing of an abuse of discretion amounting to an error of law that prejudices the defendant."); *id.* at 324, 468 S.E.2d at 624-25 ("On appeal, the appellate court will view the alleged impropriety of the [State]'s argument in the context of the entire record. The appellant has the burden of proving [he] did not receive a fair trial because of the alleged improper argument."); *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002) ("The relevant question is whether the [State]'s comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *State v. Hornsby*, 326 S.C. 121, 129, 484 S.E.2d 869, 873 (1997) ("A denial of due process occurs when a defendant in a criminal trial is denied the fundamental fairness essential to the concept of justice.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.