THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHOEN L. RUSSELL, Defendant-Appellant.

Fourth District   No. 4—92—0353

Opinion filed November 19, 1992.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Shoen Russell pleaded guilty in the Champaign County circuit court to indirect criminal contempt arising out of his violation of a condition of conditional discharge. He was sentenced to 180 days in jail with no credit for time served and no good-time credit. He argues the trial judge abused his discretion by imposing this sentence when the underlying offense carried only a 30-day maximum term. Defendant also contends the trial judge lacked authority to deny him credit for good behavior while incarcerated. We find the imposition of the 180-day term was not error, but defendant has a right to credit for good behavior while serving his jail term.

On March 23, 1992, a petition for indirect criminal contempt of court was filed against defendant alleging he violated a court order by entering the Champaign County public housing premises after being expressly prohibited from doing so as a term of his conditional discharge for the offense of criminal trespass to land. (Ill. Rev. Stat. 1991, ch. 38, par. 21—3.) Defendant had previously agreed to this provision of his conditional discharge. He admitted this allegation.

A sentencing hearing took place in April 1992. The trial judge had previously admonished defendant his failure to appear at the hearing could result in the hearing being conducted in his absence. Defendant

failed to appear and the court proceeded in his absence despite defense counsel's objection. The State noted an additional occasion when defendant failed to appear in court and the judge had issued a warrant for his arrest.

Defendant's presentence investigation revealed his illegal conduct began in 1985 when he was a juvenile and he committed a theft. In 1987 he was unsuccessfully discharged from probation. In 1988 he committed an aggravated battery, and in 1990 his probation was revoked and he was sentenced to the Department of Corrections. Here, the State recommended the judge impose the maximum sentence of six months in jail for the criminal contempt.

Defense counsel suggested the State had been unfair in charging defendant with indirect criminal contempt rather than with a violation of his conditional discharge because a revocation of his conditional discharge could have resulted in a maximum sentence of 30 days in jail. Similarly, he noted defendant could only have been confined for 30 days if the State charged him anew with criminal trespass. Under either scenario, defense counsel contended defendant would have been eligible for day-for-day good time and may therefore have had to serve only 15 days of the possible 30-day term. Defense counsel also argued the State was seeking a twelvefold enhancement of the punishment defendant faced if conditional discharge was revoked or he was charged anew. Counsel conceded the trial judge could impose a six-month contempt sentence without day-for-day good-time credit, but recommended the trial judge impose a 45-day jail term.

The trial judge indicated the State has discretion in deciding what charges to bring against a defendant. Defendant had been provided a copy of the order prohibiting him from entering public housing property in Champaign. The trial judge had earlier emphasized to defendant the importance of obeying the imposed restrictions. Defendant provided no legitimate reason for again entering public housing premises. At his conditional discharge hearing, defendant assured the trial judge he would have no difficulty complying with this agreed-upon restriction.

Less than 60 days later defendant entered public housing on two separate dates. He failed to appear at a probation meeting and then did not appear for his sentencing. The trial judge concluded defendant had no respect for the judicial system. After considering defendant's history, character, and background, the judge imposed the maximum six-month term with no credit for time served and no good-time credit.

Defense counsel made an oral motion to reconsider and the judge noted he might have given defendant more consideration for pleading guilty had he appeared for his sentencing proceedings and thereby shown respect for the court. The judge denied defendant's motion for reconsideration and refused to stay the sentence pending appeal.

Defendant first argues the trial judge abused his discretion by imposing the maximum six-month jail term. He compares the misconduct for which he pleaded guilty to other potential offenses which the prosecutor could have lodged against him instead of criminal contempt. Because both the original offense and the conduct which was the basis for revocation carried maximum penalties of 30 days in jail, he concludes the trial judge erred by imposing the maximum penalty for criminal contempt. He states to sentence him to "twelve times what anyone else could have been sentenced for the same actions, merely because it was a condition of his conditional discharge[,] was an abuse of discretion."

■ It is the responsibility of the State's Attorney to evaluate the evidence and determine whether and what charges may be criminally brought against a defendant. The court is not authorized to order a State's Attorney to file criminal charges or to specify what charges should be filed against a defendant. (*People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 46, 445 N.E.2d 270, 272; *People v. Davis* (1983), 95 Ill. 2d 1, 24, 447 N.E.2d 353, 364.) The trial judge had no authority to order the State's authority to charge defendant with an offense other than criminal contempt.

Defendant conceded in his brief he could be charged with indirect criminal contempt of court. However, he argues imposing the maximum sentence could instill disrespect for the judicial process. He directs us to this court's previous ruling vacating defendant's 364-day sentence for criminal damage to property because it was "so out of proportion to the offense as to beget public indignation." *People v. Odom* (1980), 82 Ill. App. 3d 853, 855, 403 N.E.2d 297, 299.

■ Unlike *Odom*, however, defendant here was provided an initial opportunity to avoid a jail term when he was granted a conditional discharge in the original criminal trespass case. Before sentence was imposed in this case, defendant already possessed a disrespect for the judicial process. Before sentencing defendant to the maximum term, the trial judge indicated he emphasized the importance to defendant of not entering onto public housing property and defendant indicated he would have no difficulty complying with this condition. Less than 60 days later, defendant violated this restriction. He violated the restriction again later that same month. Defendant's disregard for the

previous court order provided ample reason for the trial judge to impose the mandatory six-month term. We also note defendant failed to appear at a court hearing and failed to appear at his sentencing hearing despite warnings by the trial judge of the consequence of such action. The trial judge did not abuse his discretion by sentencing defendant to a six-month jail term.

Defendant next argues the trial judge erred by conditioning his six-month term to not provide credit for good behavior. He directs us to section 3 of the County Jail Good Behavior Allowance Act (Act), which states in pertinent part:

> "The good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment after January 1, 1987[,] shall entitle such person beginning on the date of sentence to a good behavior allowance, except that: ***. The good behavior allowance provided for in this Section shall not apply *** to individuals sentenced under an order of court for civil contempt." Ill. Rev. Stat. 1991, ch. 75, par. 32.

■ The State concedes the trial judge erred by denying defendant credit for good behavior, but argues defendant waived review of this issue. Defendant failed to object to this ruling at his sentencing hearing or to include it in his motion to reconsider. Generally, issues not raised at the trial level are waived. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) However, the doctrine of plain error is applied to overcome the waiver rule in instances where the error grossly affects interests of justice or a substantial right. 134 Ill. 2d R. 615; *People v. Davis* (1991), 145 Ill. 2d 240, 250-51, 582 N.E.2d 714, 719; *People v. Hood* (1991), 210 Ill. App. 3d 743, 749, 569 N.E.2d 228, 232.

Because we find the potential doubling of defendant's sentence by denying him an opportunity to receive day-for-day good time while in jail falls under the plain error rule, we will consider the issue. Forcing a defendant to serve twice as much time as he may have had to involves a substantial right of that defendant.

■ Although our ruling in *In re N.R.* (1988), 172 Ill. App. 3d 14, 16, 525 N.E.2d 1193, 1194, occurred before the Act was revised, its reasoning is similar. The legislature has exclusive authority to establish the rules and regulations for the government and discipline of inmates. Moreover, the Act lists only civil contempt as an *exception* to the right to good time. (Ill. Rev. Stat. 1991, ch. 75, par. 32.) The absence of criminal contempt as an exception indicates the legislature viewed this offense as one which should have the opportunity to re-

ceive good time for good behavior while in jail. The trial judge had no authority to deny defendant's credit for good behavior while serving his jail term.

A corrected sentencing order should be entered, and we remand for that purpose.

Affirmed in part; reversed and remanded in part.

COOK and LUND, JJ., concur.