THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON L. WATFORD, Defendant-Appellant.

Third District    No. 3—96—0315

Opinion filed December 2, 1997.—Modified on denial of rehearing February 25, 1998.

LYTTON, J., dissenting.

Tracy McGonigle, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Kick, State's Attorney, of Kankakee (John X. Breslin and Domenica Osterberger, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

After a bench trial, defendant, Jason Watford, was convicted of attempted first degree murder, aggravated battery with a firearm, and unlawful use of a weapon. He was sentenced to a term of 10 years of imprisonment for attempted first degree murder, and a concurrent 3-year term for the offence of unlawful use of a weapon. At sentencing, the trial judge informed the public that the defendant must serve 85% of the sentence imposed, pursuant to certain provisions of the recently enacted Public Act 89—404 (Pub. Act 89—404, eff. August 20, 1995) (referred to in part as the Truth-in-Sentencing Act). The defendant maintains on appeal that his sentence is void as Public Act 89—404 was unconstitutional. We affirm the defendant's sentence.

Specifically, the defendant contends that Public Act 89—404, in which the "truth-in-sentencing" provisions were enacted by the legislature, violated the single subject rule of article IV, section 8(d) of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IV, § 8(d)). Thus, he argues that his sentence is void and he asks this court to order that he receive day-for-day "good time" credit as provided by section 3—6—3 of the Unified Code of Corrections (730 ILCS Ann. 5/3—6—3 (Michie 1993)), prior to it being amended by Public Act 89—404.

The People maintain, however, that the defendant cannot appeal this issue in conjunction with the direct appeal and sentence because the application of the truth-in-sentencing legislation is not a condition of his sentence. The People further maintain that the defendant must seek relief of the nature he seeks from this court by filing a *habeas corpus* petition or a *mandamus* action directed at the Illinois Department of Corrections. We agree with the People and thus affirm defendant's sentence.

■ The truth-in-sentencing law referred to by the defendant is a change in the statutory method by which the Department of Corrections calculates and awards "good time" credit to inmates remanded to its custody. The plain language of section 3—6—3(a)(1) of the Unified Code of Corrections states that "[t]he Department of Corrections shall prescribe rules and regulations for the early release on account of good conduct of persons committed to the Department which shall be subject to review by the Prison Review Board." 730 ILCS Ann. 5/3—6—3(a)(1) (Michie 1993). Therefore, the application of "good time" credit is a condition of an inmate's continued incarceration and is not intended to be a condition of the defendant's sentence.

■ Further support for our conclusion is found in the statutory requirements regarding sentencing hearings, set forth in section 5—4—1 of the Unified Code of Corrections. 730 ILCS Ann. 5/5—4—1 (Michie 1993). Public Act 89—404 amended the Code to require a sentencing judge to inform the public at the time of sentencing of the anticipated term of years that a defendant will serve with the application of "good time" credit, and whether that credit be day-for-day credit or the 85% rule. This statement was made by the trial judge in the matter at hand. However, the statement by the sentencing judge, according to the statute, "has no legal effect on the defendant's actual release and may not be relied upon by the defendant upon appeal." 730 ILCS Ann. 5/5—4—1(c—2) (Michie Supp. 1997). It is clear from the statute that the application of "good time" credit is not ordered by the trial judge, and thus the defendant cannot challenge the constitutionality of the act codifying the truth-in-sentencing law in a direct appeal of his sentence as that law has no legal effect on the sentencing proceeding.

■ An additional indication of the fact that the truth-in-sentencing provisions are not a condition of sentencing is found in the statutory provision read to the public by the judge that "[t]he actual period of prison time served is determined by the statutes of Illinois as applied to this sentence by the Illinois Department of Corrections and the Illinois Prison Review Board." 730 ILCS Ann. 5/5—4—1(c—2) (Michie Supp. 1997).

Based upon the clear statutory language discussed above, we hold that the defendant cannot challenge the constitutionality of the act codifying the truth-in-sentencing laws in a direct appeal as the application of these laws is a matter outside the scope of the sentencing proceedings. In order to challenge the application of "good time" credit by the Department of Corrections, the defendant must file either a *habeas corpus* petition, a petition for writ of *mandamus*, or an action for declaratory judgment directed at the Department of Corrections, alleging that the Department is improperly calculating his "good time" credit by implementing an unconstitutional statute when determining the time he has remaining to serve before his release.

Defendant cites to several cases wherein the trial court considers credit for time served when determining sentence. We find each case to be distinguishable from the case at hand. In *People v. Russell*, 237 Ill. App. 3d 310 (1992), the trial court stated as a condition of a six-month sentence for indirect criminal contempt that the defendant would receive no credit for "good time" under the County Jail Good Behavior Allowance Act (County Jail Act) (730 ILCS Ann. 130/3 (Michie 1993)), even though the defendant was entitled to the credit

under the County Jail Act. Similarly, in *People v. Bailey*, 235 Ill. App. 3d 1 (1992), the trial court added as a condition of sentence for indirect criminal contempt that the defendant not be given credit under the County Jail Act. In both *Russell* and *Bailey*, the appellate court reversed, holding that the trial court had no authority to countermand the statutory provision for "good time" credit under the County Jail Act. *Russell*, 237 Ill. App. 3d at 315; *Bailey*, 235 Ill. App. 3d at 4-5. Thus in *Russell* and *Bailey*, unlike the instant matter, the defendants appealed the action of the trial judge in making denial of "good time" credit a condition of the sentence. Here no such condition of sentence is present.

Other cases cited by the defendant, including *People v. Johnson*, 23 Ill. App. 3d 886 (1974), *People v. Watts*, 195 Ill. App. 3d 899 (1990), and *Moore v. Strayhorn*, 114 Ill. 2d 538 (1986), each address the issue of the trial court improperly crediting for time served in pretrial and presentence custody. Again, unlike the instant matter, appeal involved an order of the trial court making denial of credit for time served a condition of the sentence.

For the foregoing reasons, the sentence imposed on the defendant by the circuit court of Kankakee County is affirmed.

Affirmed.

McCUSKEY, J., concurs.

JUSTICE LYTTON, dissenting:

I dissent from the majority's refusal to address the merits of this appeal. The majority correctly concludes that the defendant can file a *habeas corpus* petition, petition for writ of *mandamus* or an action for declaratory judgment in order to challenge the validity of Public Act 89—404 (Act); however, the majority fails to cite any authority that holds that these are the only avenues for mounting such a challenge. The majority attempts to distinguish "condition of incarceration" from "condition of sentence," yet the appellate court has considered a similar issue on direct appeal. *People v. Burton*, 100 Ill. App. 3d 1021 (1981) (what "good time" credit should apply to a defendant's sentence).

Whether or not the Act is constitutional, the majority's decision will cause unnecessary delays in the resolution of this question. Under the majority's decision, thousands of defendants, subject to different sentences, scattered in prisons throughout the state, could challenge the Act. The prospect of needless and costly piecemeal litigation will only serve to hinder the effective administration of justice.

On the other hand, a decision today on the constitutionality of the Act would apply uniformly to all prisoners affected by its reach. Both the Department of Corrections and its inmates would benefit from an early and conclusive determination of the constitutional issue presented in this case.