THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHMOND LEE BLANKS, Defendant-Appellant.

Third District    No. 3—97—0188

Opinion filed October 9, 1998.

Arifa M. Majeed, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Richmond Lee Blanks, pleaded guilty to aggravated criminal sexual assault (720 ILCS 5/12—14 (West 1996)) in exchange for the dismissal of another charge of aggravated criminal sexual assault and a 12-year term of imprisonment. He subsequently filed a postconviction petition, which the trial court dismissed as frivolous and patently without merit. On appeal, the defendant contends that his sentence must be modified because it was imposed pursuant to the truth-in-sentencing statute and that statute is unconstitutional. For the following reasons, we find that the defendant has waived this issue on appeal and we therefore affirm.

The record reflects that after imposing sentence, the trial court advised the defendant that the truth-in-sentencing provisions of the Unified Code of Corrections were applicable to the defendant's case (see Pub. Act 89—404, eff. August 20, 1995 (amending 730 ILCS 5/3—6—3 (West 1994))). Therefore, it noted that the defendant would be required to serve at least 85% of his sentence. The defendant subsequently filed *pro se* motions to reduce his sentence and withdraw his guilty plea. The trial court dismissed both motions as untimely. On direct appeal, this court dismissed the defendant's appeal for failure to comply with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). *People v. Blanks*, No. 3—96—0778 (1996) (unpublished order under Supreme Court Rule 23).

Before this court ruled on the defendant's direct appeal, he filed a postconviction petition. In that petition, he contended that he received ineffective assistance of trial counsel because counsel failed to: (1) advise him about the truth-in-sentencing guidelines for his offense; (2) advise him of his right to appeal a guilty plea; and (3) perfect his appeal by filing a proper Rule 604(d) certificate. The trial court dismissed the defendant's petition as frivolous and patently without merit. The defendant appeals from the denial of his petition.

On appeal, the defendant now argues that the truth-in-sentencing statute was passed as part of Public Act 89—404 and that act violated the single subject rule of the Illinois Constitution. Pub. Act 89—404, eff. August 20, 1995 (amending 730 ILCS 5/3—6—3 (West 1994)). Therefore, he requests that this court: (1) vacate the portion of his sentencing order requiring him to serve 85% of the sentence imposed; and (2) clarify that he is entitled to receive the day-for-day credit that he would have been entitled to under the earlier version of the law. See 730 ILCS 5/3—6—3 (West 1994).

In response, the State argues that the defendant has waived this issue on appeal because he did not raise it in any prior proceeding, including his postconviction petition. In reply, the defendant argues that the Illinois Supreme Court has held that a challenge to the constitutionality of a statute is not subject to waiver. See *People v. Bryant*, 128 Ill. 2d 448, 539 N.E.2d 1221 (1989).

■ In *People v. Bryant*, 128 Ill. 2d 448, 539 N.E.2d 1221 (1989), the supreme court stated that a constitutional issue may be raised at any time. However, the appellate court distinguished *Bryant* in *People v. Starnes*, 273 Ill. App. 3d 911, 653 N.E.2d 4 (1995). The *Starnes* court held that *Bryant* only "prohibits waiver of a challenge to the constitutionality of the statute under which a defendant is convicted." *Starnes*, 273 Ill. App. 3d at 913-14, 653 N.E.2d at 6. Therefore, the doctrine of waiver may apply to a constitutional attack on a statute

that is collateral, *i.e.*, a statute that does not directly affect the defendant's conviction. *Starnes*, 273 Ill. App. 3d 911, 653 N.E.2d 4.

We find that the truth-in-sentencing provisions of the Unified Code of Corrections are collateral to the statutes under which a defendant is convicted and sentenced. In doing so, we note that the amount of time that a defendant must serve in prison is determined by Illinois law and applied by the Illinois Department of Corrections and the Illinois Prisoner Review Board. 730 ILCS 5/5—4—1(c—2) (West 1996); *People v. Pitts*, 295 Ill. App. 3d 182, 192, 691 N.E.2d 1174, 1181 (1998) (McCullough, J., concurring in part and dissenting in part). Accordingly, an attack on the constitutionality of the truth-in-sentencing law would be subject to waiver.

In this case, the defendant appeals from the denial of a postconviction petition alleging ineffective assistance of trial counsel. The defendant did not argue that the truth-in-sentencing law was unconstitutional in his postconviction petition. Therefore, he has waived this issue and we shall not address it.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER, J., concurs.

JUSTICE LYTTON, dissenting:
I respectfully dissent. Adhering to the views expressed in my dissent in *People v. Watford*, 294 Ill. App. 3d 462, 465-66, 690 N.E.2d 1009, 1012 (1997) (Lytton, J., dissenting), I believe that the interests of justice would be served by a prompt and conclusive determination of the constitutional issue presented in this case.