NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010[*]
Decided March 5, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3340

| | |
|---|---|
| B. MICHAEL SCHNEIDER,<br>    *Plaintiff-Appellant,*<br><br>        *v.*<br><br>COUNTY OF WILL, et al.<br>    *Defendants-Appellees.* | Appeal from the United States District Court<br>for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 8 C 3054<br><br>Wayne R. Andersen,<br>*Judge*. |

**O R D E R**

Michael Schneider claims in this lawsuit that the defendants confined him for too long after an Illinois circuit judge ordered him jailed for criminal contempt. Because the suit was dismissed prematurely, we vacate the dismissal and remand.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Schneider refused to identify himself and raised his voice during a May 2007 foreclosure action against his fiancée in the Circuit Court of Will County. Judge James Garrison, who was presiding, held Schneider in criminal contempt. The contempt order states: "The court sentences contemnor to 20 days in the Will County Jail beginning May 25, 2007." The mittimus directed the sheriff to hold Schneider "until Wed. June 13, 2007, or until released by process of law, pursuant to the order of this court entered 5/25, 2007."

Schneider accepted his punishment, but he also surmised that under the County Jail Good Behavior Allowance Act, 730 ILCS 130, he was entitled to day-for-day credit while serving the sentence. He told everyone at the jail that he must be released after 10 days, not 20, and it turns out he was correct. *See People v. Davis*, 683 N.E.2d 1260, 1265 (Ill. App. Ct. 1997); *Kaeding v. Collins*, 668 N.E.2d 572, 579 (Ill. App. Ct. 1996); *People v. Russell*, 604 N.E.2d 420, 423 (Ill. App. Ct. 1992); *People v. Bailey*, 600 N.E.2d 1267, 1269 (Ill. App. Ct. 1992). According to Schneider, however, a guard told him that a secretary at the jail had called Judge Garrison, who said that Schneider was to be held until June 13. Schneider indeed served all 20 days.

Schneider has sued the county, the sheriff, and the warden under 42 U.S.C. § 1983 and state law. The defendants moved to dismiss the federal claims on the ground that they were simply carrying out Judge Garrison's directive and thus are shielded from liability by absolute "quasi-judicial immunity." The district court agreed that the individual defendants are immune and dismissed the federal claims as to them. To this conclusion the court added that Will County cannot be liable if its agents are not, and so the court also dismissed the federal claims against the county. The court then declined to exercise supplemental jurisdiction over Schneider's state-law claims.

Judges are generally entitled to absolute immunity from suit for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). But the Supreme Court has been "quite sparing" in its recognition of absolute judicial immunity, *Forrester v. White*, 484 U.S. 219, 224 (1988), refusing to extend it, for example, to court reporters because they did not possess immunity at common law, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993). The Court explained that the "touchstone" of judicial immunity has been "performance of the function of resolving disputes between parties." *Burns v. Reed*, 500 U.S. 478, 500 (1991) (Scalia, J., concurring in the judgment in part and dissenting in part). Accordingly, judicial immunity has been extended to non-judges who are functionally comparable to judges, that is, persons who "'exercise a discretionary judgment' as a part of their function." *Antoine*, 508 U.S. at 436 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)). The Court has presumed that qualified rather than absolute immunity is sufficient to protect other government officials in

the exercise of their duties, and that an official seeking quasi-judicial immunity has the burden of proving that coverage is justified. *Antoine*, 508 U.S. at 432 n.4.

Both before and after *Antoine*, this court and other circuit courts have extended the doctrine to a second category of nonjudicial actors: "those performing ministerial acts under a judge's supervision and intimately related to judicial proceedings." *See, e.g., Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (quotation marks and citation omitted); *Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004); *Penn v. United States*, 335 F.3d 786, 790 (8th Cir. 2003); *Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990). We have justified the extension of immunity because, just as judges should not be subjected to lawsuits from disappointed litigants, neither should someone who acts as a judicial agent become a "lightning rod for harassing litigation." *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (quotation marks and citation omitted). *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772 (3d Cir. 2000) (extending quasi-judicial immunity to court administrator who released information at judge's order); *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997) (extending quasi-judicial immunity to bailiffs who cleared courtroom at judge's direction); *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996) (extending quasi-judicial immunity to sheriff who executed facially valid judicial order).

Although the contours of quasi-judicial immunity remain unsettled, courts regularly require nonjudicial actors invoking the doctrine to demonstrate that their acts were directly and explicitly ordered by a judge. *See Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1191 (10th Cir. 2008); *Richman v. Sheahan*, 270 F.3d 430, 437-38 (7th Cir. 2001); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Sheriffs, for example, have been held immune for the act of enforcing a facially valid court order. *See Mays*, 97 F.3d at 113; *Patterson v. Von Riesen*, 999 F.2d 1235, 1241 (8th Cir. 1993) ("[A] warden is absolutely immune from damages flowing from the *fact* of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement."); *Valdez v. City & County of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989); *Henry*, 808 F.2d at 1238. We have, though, refused to extend quasi-judicial immunity to the *manner* a judge's order was executed. *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006) (denying absolute immunity to deputies who detained wrong person wanted on arrest warrant); *Richman*, 270 F.3d at 437-38 (refusing to extend absolute immunity from wrongful-death claim to deputies who responded to judge's order to seize a litigant in court).

The Eighth Amendment is violated if, through deliberate indifference, prison officials hold a prisoner too long. *See Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). A claim that prison officials failed to give proper credit for time served is not an attack on the judge's sentence, but on the manner of executing that sentence. *See Burke*, 452 F.3d at 670; *cf. Patterson*, 999 F.2d at 1241.

Accordingly, claims against jailers for confinement beyond the term of a sentence typically involve qualified, not absolute, immunity.  *See, e.g.*, *Cousins v. Lockyer*, 568 F.3d 1063, 1069-70 (9th Cir. 2009); *Davis v. Hall*, 375 F.3d 703, 711 (8th Cir. 2004); *Campbell*, 256 F.3d at 700; *Haygood v. Younger*, 769 F.2d 1350, 1358 (9th Cir. 1985).  After all, at common law sheriffs were not immune from suit for their ministerial acts.  *See Richman*, 270 F.3d at 435 n.3; THOMAS M. COOLEY, A TREATISE ON THE LAW OF TORTS 460-66 (1888); *see also Burns*, 500 U.S. at 499-500 (Scalia, J., concurring in the judgment in part and dissenting in part) (citing COOLEY).

At this point in the litigation, the defendants have not yet answered the complaint, and so we have only Schneider's account of the information he received third hand:

> Upon information and belief, sometime after June 7, 2007, at the order of Michael O'Leary and/or Paul Kaupas, an unknown administrative secretary of the Will County Adult Detention Center phoned the trial judge, Judge James Garrison, to confirm that Plaintiff was to be held until June 13, 2007 without allowance for day for day provisions of the County Jail Good Behavior Act.  According to Correctional Officer Santarelli, James Garrison told the unknown administrative secretary that Plaintiff was to be held until June 13, 2007.

Of course, not having actually been a party to the conversation, Schneider cannot vouch for the accuracy of the guard's account, and its inclusion in his complaint is not a stipulation to its truth.  *See Gale v. Hyde Park Bank*, 384 F.3d 451, 452 (7th Cir. 2004) ("[T]he plaintiff may tell the court what his adversary has said without throwing in the towel."); *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004).

We presume allegations in a complaint are true for purposes of a motion to dismiss, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002), but the district court apparently went on to assume that the guard talked to the secretary, the secretary phoned Judge Garrison, the judge engaged in an ex parte conversation with the secretary and conveyed a directive that Schneider be held until June 13, the secretary communicated that information back to the sheriff and warden, and the sheriff and warden then relied on the judge's directive in deciding to hold Schneider beyond the period lawfully permitted.  Just as most claims for qualified immunity are too fact-intensive to be decided on a motion to dismiss, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001); *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring), so too is the defense raised in this case, and the district court erred by extending quasi-judicial immunity to law-enforcement personnel without any competent evidence that they were acting at the direction of a judge.

The judgment is VACATED; and the case is REMANDED for further proceedings.